## CHARLES F. GOODHUE

### *v.*

## THE PEOPLE OF THE STATE OF ILLINOIS.

1. CHANGE OF VENUE—*jurisdiction in court to which the case is ordered to be sent.* Upon the making of an order changing the venue of a criminal case, the jurisdiction of the court wherein such order is made ceases, and that of the court to which the cause is sent attaches, by operation of law, and the jurisdiction of the latter court does not depend upon the ministerial act of the clerk of the court awarding the change, and it is not defeated by his neglect to transmit the original indictment or papers.

2. SAME—*what court may compel transmission of papers.* Where a change of venue is awarded, if the clerk of the court fails or refuses to transmit the papers, with an authenticated transcript of the record, the court to which the venue is changed, and not the court awarding the change, is the forum to which application must be made to compel a performance of that duty.

3. SAME—*trial without original papers.* While a party indicted for crime, upon a change of venue has a right to demand that he shall not be put upon trial until the original indictment is placed on file in the court to which the venue is changed, yet the failure to transmit the same is but an irregularity, which he waives by going to trial without objection on that account. The failure to transmit the original papers is only cause for a postponement of the trial, but no ground for a dismissal for want of jurisdiction.

4. CRIMINAL LAW—*indictment for embezzlement.* An indictment against a county treasurer for embezzlement, which charges that the defendant, on, etc., then and there being county treasurer of said county, duly elected in pursuance of law to said office of public trust in said State, did feloniously and fraudulently embezzle a large sum of money, to-wit, the sum of $4508.37, then and there in possession of such officer by virtue of his said office, contrary, etc., is sufficient even on motion to quash.

5. SAME—*variance in proof.* On an indictment charging the defendant with the embezzlement of money only, the admission of evidence showing the larceny or embezzlement of county orders is error.

6. SAME—*when prosecution may be limited to one offence and compelled to elect.* If two or more offences form part of one transaction, and are such in their nature that defendant may be guilty of both, the prosecutor will not, as a general rule, be put to an election, but may proceed under one indictment for the several offences, though they be felonies. The right of demanding an election, and the limitation of the prosecution to one offence, is confined to charges which are actually distinct from each other and do not form parts of one and the same transaction.

7. In misdemeanors, within the discretion of the court, the prosecutor may be required to confine the evidence to one offence; or, when evidence is given of two or more offences, may be required to elect one charge to be submitted to the jury; but in cases of felony it is the *right* of the accused if he demand it, except where the offences charged are all parts of the same transaction, that he be not put upon trial at the same time for more than one offence.

8. On the trial of an indictment of a county treasurer for the embezzlement of money in his hands as an officer, proof was given tending to charge the defendant as to at least three different transactions occurring at different times. On the close of the evidence for the people, the defendant moved the court to put the prosecution to their election as to which act of embezzlement they would claim a conviction, and further moved the court to limit the prosecution to some one act of embezzlement; which the court refused to do: *Held,* that the court erred in overruling such motions.

9. SAME—*of an intent to do a thing not alleged.* Where an indictment charges that an officer did actually embezzle, but does not charge that he took or secreted with intent to embezzle, which is made a distinct offence, it is error to instruct the jury to convict, if it be sufficiently shown that the accused did certain fraudulent acts with intent to embezzle.

10. SAME—*as to furnishing list of jurors.* Where it is made to appear that a defendant has been put to disadvantage from a failure to deliver to him in due time a correct list of the jurors composing the panel, as by statute required, or to give him a fair opportunity to prepare for trial, his conviction ought to be set aside; but a new trial should not be granted for every little inaccuracy that may occur in this regard, which works no injury to the accused.

11. EVIDENCE *in criminal.cases.* On the trial of a county treasurer for embezzlement, the recitals of misconduct on the part of the accused, in connection with the order of removal of the accused from office and the appointment of his successor, contained in the record of the proceedings of the county board, ought not to be given to the jury. Such recitals prove nothing.

12. On such trial the tax warrant for the collection of taxes is not proper evidence for the purpose of showing the amount of taxes to be charged against him, and is calculated to mislead the jury.

WRIT OF ERROR to the Circuit Court of Winnebago county; the Hon. JOHN V. EUSTACE, Judge, presiding.

This was an indictment against Charles F. Goodhue, for the crime of embezzlement, found under section 80 of the Criminal Code, which is as follows: "If any State, county, township, city, town, village, or other officer elected or appointed under the constitution or laws of this State, or any clerk, agent, servant or employee of any such officer, embezzles or fraudulently converts to his own use, or fraudulently takes or secretes with intent so to do, any money, bonds, mortgages, coupons, bank bills, notes, warrants, orders, funds or securities, books of record or of accounts, or other property belonging to or in the possession of the State, or such county, township, city, town or village, or in possession of such officer by virtue of his office, he shall be imprisoned in the penitentiary not less than one nor more than fifteen years." Rev. Stat. 1874, 363.

The following is the substance of the charging part of the several counts:

1. That Charles F. Goodhue, late of the county of Stephenson, on the 16th day of October, in the year of our Lord one thousand eight hundred and seventy-eight, in said county of Stephenson, in the State of Illinois aforesaid, then and there being county treasurer of said county of Stephenson, duly elected in pursuance of the laws of said State of Illinois to said office of public trust in said State, did feloniously and fraudulently embezzle a large sum of money, to-wit, the sum of $4508.37, then and there in possession of such officer by virtue of his said office, contrary, etc.

2. That the said Charles F. Goodhue, late of the county of Stephenson, aforesaid, on the said 16th day of October, in the year of our Lord one thousand eight hundred and seventy-eight, in the county of Stephenson and State of Illinois, aforesaid, then and there being county treasurer of said county of Stephenson, duly elected in pursuance of the laws of said State

of Illinois to said office of public trust in said State, did feloni-ously and fraudulently embezzle a large sum of money, to-wit, the sum of $4508.37, of the value of $4508.37, then and there in the possession of such officer, him, the said Charles F. Goodhue, by virtue of his said, the said Charles F. Goodhue's office, contrary, etc.

3.    That the said Charles F. Goodhue was duly elected to the office of county treasurer of the said Stephenson county in November, in the year of our Lord one thousand eight hundred and seventy-seven, for the term of two years, commencing on the first Monday in December, in the year of our Lord one thousand eight hundred and seventy-seven. That the said Charles F. Goodhue afterwards, to-wit, on the said first Monday in December, in the year of our Lord one thousand eight hundred and seventy-seven, the same being the third day of December, in the year of our Lord one thousand eight hundred and seventy-seven, duly qualified and entered upon the discharge of the duties of his said office as county treasurer of said Stephenson county, and continued to hold and occupy said office, and discharge the duties thereof, from the said third day of December, in the year of our Lord one thousand eight hundred and seventy-seven, until the 16th day of October, in the year of our Lord one thousand eight hundred and seventy-eight, when he was removed from said office by the board of supervisors of said Stephenson county, the said board then and there having lawful power so to do, and said Charles F. Goodhue, as such officer as aforesaid, was then and there succeeded in said office by one William W. Hutchinson, who was then and there duly appointed and qualified to fill the vacancy thereof. That while said Charles F. Goodhue was acting as the county treasurer of said Stephenson county, as aforesaid, he, the said Charles F. Goodhue, then and there received, collected and took into his possession as such officer, by virtue of his said office, a large sum of money, to-wit, the sum of $41,199.35, of the value of $41,199.35, and that the said Charles F. Goodhue, of the moneys by him so col-

lected by virtue of his said office, then and there in his possession as such officer, did, at the county of Stephenson aforesaid, on the said 16th day of October, in the year of our Lord one thousand eight hundred and seventy-eight, feloniously and fraudulently embezzle the sum of $4508.37, contrary, etc.

The defendant moved to quash the indictment, on the following grounds: Irregularity in forming grand jury; vagueness of the indictment; that the several counts purport to be for the same offence; that the several counts plead the evidence; that the several counts charge no offence;—which motion the court overruled.

Mr. J. A. CRAIN, and Mr. E. B. SUMNER, for the plaintiff in error:

1. The indictment is insufficient. The averment that the defendant did embezzle, is the averment of a legal conclusion.

As is stated in *Kibs* v. *The People,* 81 Ill. 600, the indictment must set out the acts of embezzlement. Embezzlement may be consummated by a variety of acts. The pleader is not allowed to give construction to acts, or aver a conclusion, but must set out the acts themselves, so that the court can judicially see that those acts constitute a crime. Arch. C. P. P. p. 85, Waterman's ed., note 1; Hale P. C. vol. 2, pp. 183, 184; Hawkins P. C. p. 310, § 37; Archibald P. P. p. 86, note 1.

"The indictment must contain a complete description of such facts and circumstances as will constitute a crime." The indictment should have averred some manner of the embezzlement, as, that he converted the money to his own use. "Did embezzle," is like the averment, "did unlawfully resist," which, in *Lamberton* v. *The People,* 11 Ohio, 282, was held to be the averment of a legal conclusion, and not of an act; or, like the averment "did attempt to maim," which was held to be a statement of a legal conclusion, because maiming could be effected by a variety of acts, and this general averment did not name any one act. *Com.* v. *Clark,* 6 Grattan, 675.

Section 82, Rev. Stat. 1874, p. 360, does not help the pleader in this case, for, while that section does provide that where the property of "any person, bank, incorporated company or co-partnership" shall have been embezzled, it shall be sufficient to allege generally "an embezzlement,"—it is only in such case where the property is laid in some one of these specified owners, if properly even then, that the conclusion of law can be substituted for the acts themselves.

2.   The indictment does not name any person as the party injured, or state that the property embezzled belonged to any one.

"The prosecutor or party injured, or any other person named in the indictment, if known, must be described with certainty; if an individual, he must be described by his christian or surname; if a corporation, by their name of incorporation." Pomeroy's Archibald, 245.

" The object of setting out the name of the party injured is to identify the particular fact or transaction on which the indictment has been founded, so that the accused may have the benefit on acquittal or conviction, if accused a second time." Pomeroy's Archibald, 245, note 2; ibid. 250, note 1; *Willis* v. *The People*, 1 Scam. 399 ; *State* v. *Irwin*, 5 Blackf. 343.

Section 74, Rev. Stat. 1874, p. 360, provides that any person may be guilty of embezzlement and larceny if he shall fraudulently appropriate any "*property delivered to him.*" An indictment would not be good averring this fact and no more; it should aver that such property delivered to him belonged to some person, and that there was, in reference to it, some person injured.

In an indictment for embezzlement, "unless the pleader is relieved from this exactness by a special statute, the goods and ownership must be set out with the same completeness as in larceny." 2 Wharton on Crim. Law, (7th ed.) § 1941.

See, also, *Thompson* v. *The People*, 24 Ill. 60, as to an indictment under the statute in respect to obtaining goods, etc., under false pretences.

3. The property alleged to have been embezzled is not sufficiently described.

Section 82, Rev. Stat. 1874, p. 360, provides that property embezzled need not be particularly described, provided it be the property of " any person, bank, incorporated company or co-partnership." Now, in this indictment the property embezzled is not averred as belonging to any such person, bank, corporation or co-partnership; therefore, as the property embezzled is not embraced in this section by the terms of the averment, it must be described as required in an indictment for embezzlement without such a section. This principle is expressly decided in *Com.* v. *Wyman,* 8 Metc. 254.

4. As to the evidence: In one of the counts of the indictment there is an averment that the defendant was county treasurer, and embezzled funds, and, besides, the unnecessary averment that he was removed from his office by the board of supervisors because he was found to be a defaulter. This was purely surplusage. No averment upon that subject was necessary. The offence was complete without it. There are two ways in which defendant might take advantage of this: first, by moving, before trial, to strike it out, and second, by objecting to evidence to sustain it.

Defendant did object, but, notwithstanding, the prosecution was permitted to introduce the records of the board of supervisors, not under oath, and *res inter alias acta,* which, in substance, declared the defendant guilty. This testimony under no circumstances could have been lawful testimony, and under such circumstances it is the duty of the court to grant a new trial. *Corbley* v. *Wilson,* 71 Ill. 211; *Whitaker* v. *Wheeler,* 44 id. 441; *Marshall* v. *Adams,* 11 id. 41; *Louisville and Nashville Railroad Co.* v. *Burns,* 13 Bush (Ky.) 479.

Properly speaking, says Waterman in his New Trials, p. 613, the reception of illegal evidence should vitiate the verdict without inquiry as to its probable effect in any given case; its inevitable tendency is to mislead, and the extent of the mischief it may have done can not always be calculated or

guessed at. * * * When illegal testimony is such as to be in gross violation of well settled principles, which govern proof, clearly giving the party who offered it an unlawful advantage, its admission has been held *per se* a ground for a new trial, whether the jury were directed to disregard it or not. *Wicks* v. *Lowerre*, 8 Barb. 535.

5. The prosecution should have been put to their election as to which count of the indictment they would claim conviction upon.

The several counts of the indictment purported to be for one and the same transaction, to-wit: embezzling $4508.37, in defendant's possession as county treasurer. Nothing on its face apprised defendant that he was to be tried for distinct felonies.

In *Warnock* v. *State*, 7 Cold. 508, where distinct offences were sought to be proved, and evidence offered of the same without objection, and the court refused to put the prosecution to its election, the Supreme Court reversed the judgment for that reason. 1 Wharton on Crim. Law (7 ed.) 423.

If it be not proper to include separate and distinct felonies in different counts of the same indictment, certainly when the several counts of an indictment purport to be for the same offence, to permit the prosecution, under such indictment, to give proof of, and insist on a conviction for several and distinct offences, violates the very principle laid down by this court. *Lyons* v. *People*, 68 Ill. 275.

6. The Winnebago circuit court did not have jurisdiction. The certificate of the clerk of Stephenson county is wholly insufficient, and no better than none. It not only does not certify what was contained in the record during the pendency of proceedings in Stephenson county, but it fails to identify the indictment or transcript of record, or any of the other papers, as the originals, or as those sent to Winnebago county. It is no better than no certificate; yet it imports verity, and the court can not make another certificate for the clerk.

The section of the statute which provides that objection to

proceedings in obtaining changes of venue, or the right of the court to which the change is made to try the case and pronounce judgment, shall be considered as waived after trial and verdict, has no application.

Mr. James S. Cochran, State's Attorney, for the People:

1.   At common law, an indictment for embezzlement was required to set out each specific act of embezzlement, and the same rule applies under our statute which makes embezzlement larceny. *Kibs* v. *People,* 81 Ill. 600.   But the statute under which this indictment was drawn does not declare that the person guilty of embezzlement shall be deemed guilty of a larceny.

2.   Every indictment shall be deemed sufficiently technical and correct which states the offence in the language of the statute, or so plainly that the nature of the offence may be easily understood by the jury.   Rev. Stat. 1874, p. 408, sec. 408; *Canady* v. *People,* 17 Ill. 158; *Morton* v. *People,* 47 id. 468; *Mapes* v. *People,* 69 id. 523; *McCutcheon* v. *People,* id. 601; *People* v. *McKinney,* 10 Mich. 54.

3.   It is also objected that the indictment does not state the name of any party injured or to whom the money belonged. The statute makes it criminal for any officer to embezzle money "*in the possession of such officer by virtue of his office.*" See *State* v. *Mason,* 62 Maine, 106; *State* v. *Orwig,* 24 Iowa, 102; *Brown* v. *State,* 18 Ohio St. 506; *People* v. *McKinney,* 10 Mich. 54; *State* v. *Smith,* 13 Kan. 274.

4.   If copies, and not originals, are sent on change of venue, objection must be made at the earliest period, or the irregularity will be waived.   *Holliday* v. *People,* 4 Gilm. 111; *Granger* v. *Warrington,* 3 id. 299; *McKinney* v. *People,* 2 id. 556.

All objections to the jurisdiction arising from a defective certificate of the proceedings are waived by going to trial without objection.   *Hitt* v. *Allen,* 13 Ill. 592; *Flagg* v. *Roberts,* 67 id. 485; *McBain* v. *Enlos,* 13 id. 79; *Perteet* v. *People,*

70 id. 172; *Gardner* v. *People*, 3 Scam. 87; *Loper* v. *State*, 3 How. (Miss.) 429.

5. As to the right of the defendant to compel the prosecution to elect as to what charge it would urge for a conviction, counsel cited 1 Whart. Crim. Law, sec. 423; *People* v. *McKinney*, 10 Mich. 95; *Leonard et al.* v. *People*, 81 Ill. 308; *People* v. *Davis*, 56 N. Y. 100; *George* v. *State*, 39 Miss. 590; *Gravatt* v. *State*, 25 Ohio St. 162; Bish. Crim. Proced. 425, 454 and 459.

Mr. JUSTICE DICKEY delivered the opinion of the Court:

This is an indictment against plaintiff in error, under section 80 of the Criminal Code, found by a grand jury of the county of Stephenson at the December term, 1878. The indictment consists of three counts, in each of which plaintiff in error was charged with the embezzlement of $4508.37, of money in his possession by virtue of his office as county treasurer.

The circuit court of Stephenson county overruled a motion to quash this indictment, and, a plea of not guilty being interposed, the venue was changed to the county of Winnebago by order of the court, on the application of the accused.

A transcript of the record of the proceeding in the circuit court of Stephenson county, embracing a copy of the indictment, was transmitted by the clerk of that court to the clerk of the circuit court of Winnebago county, and duly filed in his office on the 2d day of January, 1879. This transcript was authenticated by the certificate of the clerk of the circuit court of Stephenson county, under the seal of that court, as "a true, perfect and complete copy of the record in a certain cause lately pending in the circuit court of the county of Stephenson, wherein the People is plaintiff and Charles F. Goodhue is defendant."

At the January term of the circuit court of Winnebago county a trial was had, resulting in a verdict of guilty, fixing the term of imprisonment in the penitentiary at four years;

and in a further finding of the jury (as the verdict reads) "from the evidence in our hands," that defendant embezzled the sum of $3812.

Motions for new trial and in arrest were made and overruled, and sentence and judgment were entered upon the verdict.

It is insisted by plaintiff in error that the circuit court of Winnebago county did not acquire and did not have jurisdiction to try this case, because the original indictment was not before that court, as required by law.

We can not sustain this position. On the making of the order changing the venue by the circuit court of the county of Stephenson the jurisdiction of that court ceased, and that of the circuit court of Winnebago attached, by operation of law. Had the clerk of the court in Stephenson county refused to transmit the papers with an authenticated transcript of the record, the circuit court of the county of Winnebago, and not that of Stephenson county, would have been the forum to which application could be made to compel the performance of that duty. The jurisdiction of the court in the county of Winnebago in no sense or degree depended upon the ministerial act of the clerk of the circuit court of Stephenson county. The failure of that clerk to transmit the original papers forming part of the record in the case was a grave irregularity. The accused had a right to demand that he should not be put upon trial until such original papers were placed on file in the circuit court of Winnebago. It is, however, such an irregularity as may be waived by the accused. In this case it was waived. The accused, when put upon trial, did not object on that ground to going on with the trial. It is true he objected to going to trial upon the ground of the absence of a witness, but did not call the attention of the court to the absence of the original indictment. Had he so done it would have shown good ground for postponing the trial, but not ground for dismissing the cause for want of jurisdiction. Not having presented that ground upon his application for a con-

tinuance, he could not, after trial, be heard to complain of the irregularity.

It is objected that the indictment, on its face, is bad. A majority of the court are of opinion that the indictment is sufficient.

In the course of the trial evidence was produced tending to prove that certain county orders were ordered to be issued, and that the county clerk, having prepared and signed the orders (which were prepared on blanks for that purpose, contained in a book), left the book containing the orders, so signed by the clerk, in the treasurer's office, for the purpose of having the treasurer countersign the orders; and that plaintiff in error, having countersigned these orders as treasurer, cut a part of them out of the book, amounting to some $2200, and took them to a bank and sold them for about that amount of money, and failed to charge himself with that amount in his official accounts, but fraudulently converted the same to his own use.

This evidence was admitted by the court against the objection of the accused, and after all the evidence on that subject was given a motion was made to exclude the same as inadmissible under this indictment, and this motion was denied. This, we hold, was error. The indictment charged the embezzlement of *money*, and did not charge the embezzlement of county *orders*. If this disposition of the county orders was made criminally, it constituted either the larceny or the embezzlement of county orders, and not of money. The county treasurer *as such* had no authority to sell these orders for the county and receive the proceeds as the money of the county. The issuing and sale of county orders is, neither of them, embraced among the official duties of the county treasurer, nor is there any proof whatever tending to show that the county board made him in any way the agent of the county to issue or sell these orders for the county. The order of the county board authorized the county clerk to issue them, and the law required the orders to be countersigned by the treasurer.

It is plain that if crime was committed by the accused in this transaction in relation to what are called the "jail orders," as presented by the proofs, it was not the embezzlement of the proceeds of the orders, but the embezzlement or larceny of the orders themselves. If a man steal a horse and sell him to a stranger, he may be convicted of stealing the horse, but not of stealing the money received as the price of the stolen horse.

These county orders were in the lawful possession of the county clerk, although placed for the purpose of being countersigned in the room where the county treasurer kept his office. They were in process of preparation for issue, but seem never to have been issued by the clerk.

Upon the proofs, this transaction did not fall within the description in the indictment. The evidence relating thereto ought to have been excluded from the jury,—and the 16th instruction on that subject ought not to have been given.

In the course of the trial evidence was given tending to charge the plaintiff as to at least three different transactions, each of which the court charged the jury was, if established, a complete crime, for which they must convict. One related to the withholding some $540.31 from the city treasurer of the city of Freeport, and occurred in the month of July, 1878. Another transaction had relation to a false receipt given in the month of May, 1878, to one Potter, saying defendant had paid him $383 for printing, when in fact but $283 was paid, and to the entry of credit on the collector's books of a credit for the former amount. And another transaction related to the improper conversion or use of certain county orders, called jail orders, which is said to have occurred in the month of September, 1878.

By one instruction (the 9th) the jury were told that they must convict defendant if he held in his hands, as such county treasurer and by virtue of his office, the sum of $7017.14 belonging to the city of Freeport, and while he so held such fund the treasurer of that city, as such, demanded of defend-

ant, as such county treasurer, all of the money in his hands belonging to said city; and that defendant then and there fraudulently told such city treasurer that $6476.83 was all of such moneys, when in fact there was the further sum of $540.31 in the hands of defendant belonging to such city; and defendant then and there fraudulently withheld from said city treasurer the latter sum, with intent to defraud the said city of that sum, and if defendant fraudulently converted the same to his own use "then the jury shall find defendant guilty," etc.

By another instruction (the 8th) the jury are directed to convict the defendant if, while the county owed to one Potter only the sum of $283 for printing a delinquent list, defendant, as county treasurer, paid that sum and no more to Potter for such service, and then and there fraudulently obtained from Potter a receipt for the sum of $383, being $100 more than the actual amount paid to Potter; and if defendant then and there knowingly, falsely and fraudulently gave himself credit on that account on his books as county collector with the sum of $383, with intent fraudulently to convert to his own use the $100, which was the excess of the receipt and of the credit upon the books over and above the amount actually paid to Potter.

By another instruction (the 16th) the jury were directed to find the defendant guilty if certain jail orders, numbered 208, 209, 210, 211 and 212, were issued by the county, and, in pursuance of some arrangement between the officers of the county and a certain bank, certain money, the avails of such orders, came into defendant's hands as county treasurer, and if defendant fraudulently failed to charge himself therewith on the treasurer's books, and embezzled the same or any part thereof.

The transactions to which these instructions respectively relate are distinct and separate in so far as the proofs tend to show.

After the evidence was closed the accused, by his counsel,

applied to the court to put the prosecution to their election as to which act of embezzlement they would claim a conviction, and moved the court to limit the prosecution to some one act of embezzlement. This the court refused to do, but gave the several instructions mentioned *supra*.

If two or more offences form part of one transaction, and are such in nature that a defendant may be guilty of both, the prosecution will not as a general rule be put to an election, but may proceed under one indictment for the several offences, though they be felonies. The right of demanding an election and the limitation of the prosecution to one offence, is confined to charges which are actually distinct from each other and do not form parts of one and the same transaction. In misdemeanors the prosecution may, in the discretion of the court trying the case, be required to confine the evidence to one offence, or where evidence is given of two or more offences, may be required to elect one charge to be submitted to the jury, but in cases of felony it is the right of the accused, if he demand it, that he be not put upon trial at the same time for more than one offence, except in cases where the several offences are respectively parts of the same transaction. 1 Wharton Crim. Law, § 423; 1 Bishop Crim. Pr. 459. This doctrine is recognized by this court in *Lyons* v. *The People,* 68 Ill. 275, and is believed to accord with the practice in this State from its earliest days. It was therefore error, in this case, to refuse the application of the accused for the benefit of this rule.

Again, the statute in question defines two offences,—one, the actual embezzlement of public funds, and the other, the taking or secreting of public moneys with intention to embezzle.

The indictment charges that the accused did actually embezzle, and does not charge that he took or secreted with intent to embezzle. In several of the instructions given by the court this distinction is not observed, and the jury were directed to convict if it be shown sufficiently that the accused did certain fraudulent acts with intent to embezzle. This is error.

We think, also, that the recitals of misconduct on the part of the accused contained in the record of the proceedings of the county board, in connection with the removal of the accused from office and the appointment of his successor, ought not to have been given to the jury,—certainly not without definite caution to the jury that they must not be taken as proof in the slightest degree of the truth of the recitals. It is said, for the prosecution, these recitals were necessary to show the validity of the order of removal. We do not think so. The statute gives the power of removal on the happening of certain contingencies. The statute does not require such contingencies to be stated in the record of the proceedings. Such recitals of the record are not proof that the contingencies occurred. Nor do we perceive, from the statement of the evidence in the abstract, that any material lawful purpose could be subserved by proof of his removal from office and the appointment of his successor. It is shown that his successor sent the accused a letter demanding that he turn over all the moneys, property, books, etc., belonging to the office of county treasurer, but our attention has not been directed to any proof as to whether the accused did or did not comply with this request, and without this proof the fact that he had a successor is of no significance.

Again, the tax warrant for the collection of taxes was put in evidence, as it would appear, by way of showing the state of accounts of the treasurer, and in the account presented by the prosecution, the amount of taxes to be collected, as mentioned in the collector's warrant is presented as an item with which the accused should be debited, and this, as it is said, for the purpose of showing the amount of money which actually came to his hands. The tax warrant was not competent proof for that purpose. Such proof, if competent in this case, would charge the accused with embezzlement of every amount of tax which he, from his own fault, failed to collect. In determining the amount which a county collector shall be called upon to account for in his settlements with the State, county

and other authorities, this item is a proper debit to head the account, for, if the collector has, from his own fault, failed to collect any given amount in that warrant, he must account for the same in such settlement.   Not so in a trial for embezzlement of money actually received and appropriated to his own use.   The introduction of this tax list was calculated to mislead rather than enlighten the jury on the issue.   An officer may be a very gross defaulter and yet not an embezzler or a thief. In fact, an honest man is liable to become a defaulter from his negligence or from his incompetency.   These matters must not be confounded with crime.

Complaint is made that the list of jurors furnished to the accused was not correct.   The list furnished contained thirty names instead of twenty-four.   Six of the men whose names were so given were of the jurors drawn for the term, but some of them had not been served and others had been excused; none of them were *at that time* on the panel of jurors, and as to one man who was of the panel as composed when the trial began, his name was A. F. Nichols, but he was summoned by the sheriff by the name of Burt Nicholds, and on the list furnished the accused he was put down as "Burt Nicholds."

The utmost care should be taken to give to every defendant in criminal cases every reasonable opportunity to prepare for trial, and among other things to notify them in due time as to what men constitute the panel out of which the jurors for his trial are to be called, and where it is made to appear to the court that a defendant has been put to a disadvantage from a failure in this regard, his conviction ought to be set aside. It is not, however, every little inaccuracy which may occur in this regard for which a trial should be set aside.   In this case it seems plain that the accused suffered no injury from the irregularity.   He could readily see that the list contained thirty names, and might have called the attention of the court to that fact and had the list corrected.

For the errors indicated the conviction and judgment must be set aside, and the cause remanded to the circuit court of Winnebago county for a new trial.

*Judgment reversed.*

SCOTT J.: I do not concur in this opinion except so far as it holds the indictment is sufficient.