[No. 930. April 25, 1902.]

THE TERRITORY OF NEW MEXICO, Appellee, v. LAZARO CORDOVA, Appellant.

SYLLABUS.

1. Errors relied on, on appeal must be specifically pointed out before they will be considered by the appellate court.

2. It is not error for the court to call the attention of counsel while they are addressing the jury to what the court believes the evidence shows, so that they can correct any statements they may have made.

3. Section 2994 of the Compiled Laws of 1897, which provides that the court shall not comment on the evidence, relates solely to the instructions given by the court to the jury.

4. In addressing the jury the district attorney said, "Gentlemen, the verdict of the people and the community is that the defendant is guilty." It is not such language as would justify us in reversing this case, especially as the court announced in the presence of the jury that these words were taken from them. The

presumption is, unless the contrary is shown by the record, that all of the acts of the presiding judges during a trial are regular and in accordance with the law.

5. Our statute requiring that each instruction should be marked on the margin, either given or refused, refers solely to instructions that may be asked by either party, and not to the general instructions the court gives of its own motion.

6. When the list of the jurors which is furnished to the defendant in capital cases twenty-four hours before trial contains a name that is wrongly copied from the list of jurors, it is not reversible error unless the defendant objects to going to trial unless a correct list is furnished him.

Appeal from the district court of Socorro county, before DANIEL H. MCMILLAN, Associate Justice. Affirmed.

E. V. CHAVEZ for appellant.

Section 2991, Compiled Laws of New Mexico, 1897, says: "The court shall instruct as to the law of the case, but shall not comment upon the weight of the evidence." This is the law in criminal as well as civil cases.

"In criminal cases as well as in civil cases the jury is the sole judge of the weight of the evidence, and the credibility of the witnesses."

Territory v. O'Donnell, 4 N. M. 196; Bardwell v. Ziegler, 28 Pac. 360.

In charging the jury in a criminal case the court may state the testimony and declare the law, but must not declare what the testimony shows; to judge of this is the exclusive province of the jury.

People v. Casey, 3 Pac. 874.

See also People v. Gordon, 26 Pac. 502; State v. Hundly, 46 Mo. 414; People v. Murray, 24 Pac. 802; People v. Fong Ching, 20 Pac. 396; Valesquez v. Spiegelberg, 1 N. M. 464.

An expression of opinion on the evidence by the judge which is not necessary in order to explain the ruling, is erroneous.

11 Ency. Pl. and Pr., p. 114-115; State v. Harkin, 7 Nev. 383; State v. Dick, 2 Winst. L. (N. C.) 46; Andreas v. Ketcham, 77 Ill. 377; Turhman v. Huntsville, 54 Ala. 263.

The district attorney in his argument to the jury made this statement; "Gentlemen, the verdict of the people and of the community is that the defendant is guilty." This statement was not only improper and erroneous, but greatly prejudicial to defendant.

State v. Barker, 46 Pac. 947; State v. Comstock, 20 Kan. 655; People v. O'Brian, 96 Mich. 630; People v. McGuire, 89 Mich. 64; People v. Quick, 58 Mich. 821; People v. Dane, 59 Mich. 550; Raggio v. People, 26 N. W. 376; Butler v. State, 27 S. W. 128; Clark's Criminal Procedure, p. 460; State v. Gutekunst, 24 Kan. 252.

See also Huckell v. McCoy, 15 Pac. 870 and Territory v. Chamberlain, 8 N. M. 512.

EDWARD L. BARTLETT, Solicitor-General, for appellee.

The exact error complained of must be specifically pointed out and brought to the attention of the court by means of the motion for a new trial, in order that the court may have an opportunity to rectify its mistake.

Beall v. Territory, 1 N. M. 518; Archibeque v. Miera, 1 N. M. 160; Territory v. Anderson, 4 N. M. 214-228; Schofield v. Territory, 9 N. M. 534-538; Cevada v. Miera, 61 Pac. 125; Territory v. Guillen, 66 Pac. 531.

The trial court enjoys peculiar facilities for observing the propriety or impropriety of forensic arguments, and its discretion, when invoked, should rarely be interfered with in the absence of obvious or probable injury.

Chacon v. Territory, 7 N. M. 247; Territory v. Chamberlain, 8 N. M. 542.

The record does not show that any instruction asked by defendant was refused. On this point see

Territory v. O'Donnell, 4 N. M. 210.

The statement of counsel in his motion for a new trial will not be allowed to contradict the record of the court.

Swafford v. State, 3 Tex. App. 88-89; Goodhue v. People, 94 Ill. 53; see U. S. v. Folsom, 7 N. M. 532-553; see U. S. v. Gomez, 7 N. M. 560.

### STATEMENT OF THE CASE.

The appellant, Lazaro Cordova, was indicted at the May term of the district court for the county of Socorro, charged with having murdered one Telesfor Luna, in said county, on February 27, 1901. Trial was had at the same term and appellant was convicted of murder in the second degree, the jury recommending him to the clemency of the court. Motion for new trial was filed, argued and overruled, and appellant was sentenced by the court to imprisonment for twenty-one years in the Territorial penitentiary.

Appeal was prayed and granted.

### OPINION OF THE COURT.

MILLS, C. J.—The errors assigned are seven in number, of which the first, that "The court erred in admitting improper, irrelevant and incompetent evidence in the trial of said case," is so general, that we will not consider it, for we have held in common with the general practice of appellate courts, that such a general assignment of error is not good ground for review. Territory v. Guillen, 66 Pac. 531; Cevada v. Miera, 61 Pac. 125; Neher v. Armijo, 66 Pac. 517.

The rule requiring that errors relied on, on appeal, should be separately pointed out before they will be considered by the appellate court is a wise one, for an attorney, who has tried a case is familiar with all of the facts and points raised on the trial, while it is practically impossible for this court to search through the entire record with the view of ferreting out what errors, if any, have been committed on the trial.

The second and third assignments we can consider as one, for they relate to the same matter, to-wit: that the court erred in stopping counsel for appellant while making his final argument of the jury, and saying in the presence and hearing of the jury, "the evidence is that both the deceased and defendant were facing each other at the time defendant fired."

Just what the counsel for the appellant was saying to the jury at the time the court made this remark does not appear in the record, although in the written opinion filed by the learned judge who tried the case below, in overruling the motion for a new trial, it appears that the counsel for the defendant in summing up, stated to the jury that at the time defendant fired the shot, the deceased had turned round, with his back towards defendant, while attempting to load his gun. Counsel taking an attitude before the jury, and illustrating how it supposedly occurred.

We do not see how this remark of the judge was against any statute or recognized rule of law. The attorney for the appellant contends that the remark of the court was a comment on the weight of the evidence and was thus in direct conflict with section 2994, of the Compiled Laws of 1897. That section is as follows: "Before the argument is concluded either party may request instructions to the jury on points of law, which shall be given or refused by the court. All instructions asked and the charge of the court shall be in writing. The court shall instruct the jury as to the law of the case, and shall not comment upon the weight of the evidence."

This statute we think relates entirely to instructions which are given by the court, and was intended no doubt to change the practice which exists in the United States courts, where the judge in giving his instructions, is allowed to comment freely on the evidence, and point out to the jury such parts of it as he thinks is entitled to consideration at their hands. We do not think that it was intended to prohibit the court from calling the attention of counsel, when they were addressing the jury, to any inaccuracies or misstatements which may inadvertently have crept into their remarks. It is a well-settled rule that counsel in addressing juries must keep strictly to the facts (State v. Comstock, 20 Kan. 655), and they have no right to state to the jury as facts, matters which the evidence does not bear out, and if the court thinks that counsel do go outside of the record in addressing the jury, it is proper for the court to call their attention to what he thinks the evidence really is, so as to permit counsel to correct themselves. We cannot see that in this case the court did any thing else.

The language used by counsel in addressing the jury is not disclosed by the record, but it is perfectly evident that he was, or that at least the court thought that he was misleading the jury by a misstatement of the evidence, and believing this, whether mistakenly or not, we think that it was perfectly proper for the court to call the attention of counsel to what he thought really was the evidence. When we say that the court thought that counsel was misleading the jury by a misstatement of the evidence, we do not mean to be understood as intimating that counsel was doing so intentionally, for nothing could be further from our minds, but rather that in his zeal to guard his client's interests, he inadvertently said something which the court thought was not warranted by the evidence.

In addition it nowhere appears in the record that counsel claimed to the court that the evidence in the cause showed otherwise than the court stated to be, nor

that he pointed out to the court any evidence to corroborate his statement to the jury.   We have examined a number of authorities cited by the learned counsel for the appellant in support of his contention, and all of those examined by us, relate to comments made by the court, on the evidence, in the giving of instructions to the jury, and they therefore do not apply to the facts in this case.   These assignments therefore point out no error.

The fourth assignment is that the district attorney in addressing the jury said: "Gentlemen, the verdict of the people and the community is that the defendant is guilty," to which counsel for appellant then and there excepted, and asked that it be taken from the jury, but that it was not so taken from the jury.

We can not see that the use of the language complained of by the district attorney was such as would justify us in reversing this case.   In both the cases of Chacon v. Territory, 7 N. M. 247, and Territory v. Chamberlain, 8 N. M. 524, equally as strong language was used, but this court held that the cases should not be reversed therefor.   As stated in the case of Chacon v. Territory, supra, the "trial court enjoys peculiar facilities for observing the propriety of forensic arguments, and its discretion when invoked, should not be interfered with in the absence of obvious or probable injury."

Let us examine and see just what did happen.   The record says, on page 103, "Be it also remembered that while George W. Pritchard, district attorney, was on behalf of the Territory addressing the jury, in said cause, he made the following remark to the jury in the said argument, to-wit: 'Gentlemen, the verdict of the people and the community is that the defendant is guilty.' Upon which statement being made, counsel for defendant addressed the court and excepted to the statement just made by the district attorney, as being improper argument, and asked the court to have said statement taken from the jury, to which the court stated that the

same would be taken from the jury, but court's statement was not interpreted to the jury nor was anything else stated to the jury by the court."

Nowhere does the record show that the sentence, alleged to be objectionable, uttered by the district attorney, was ever translated in Spanish and given to the jury, so that, such of them as did not understand the English language would comprehend what was said, and if the words were not so interpreted, and the presumption is, unless the contrary is shown by the record, that all of the acts of the presiding judge during a trial are regular and in accordance with the law.  2 Ency. P. and P., p. 420.  Then the expression to which the objection is made, was taken from the jury by the judge himself, or at least it was taken from such of the jury as understood English, and consequently the appellant was not injured in any particular.

The fifth assignment alleges that the court erred in failing to mark the instructions to the jury that were given, "given."

The record shows that the charge of the court given to the jury in said cause is in the words and figures following and then follow thirty-three instructions which the court gave of its own motion.

Our statutes provide that all instructions shall be in writing, as those given in this case appear to have been, and they also provide that either party may ask for additional instructions if they see fit to do so, which must also be reduced to writing, and the court can give, refuse to give, or modify those asked for, or any of them.  Section 2996, Compiled Laws, 1897, provides that the court must write the words "given," or "refused," as the case may be, on the margin of each instruction.  The context of section 2996, supra, shows that it is intended to refer solely to instructions that may be asked by either party, and which are given or refused, and we consequently hold, that this section does not apply to the instructions given by the court of its own motion but only

to those which are requested by the parties to the litigation. The record also shows that at the conclusion of the charge, at the request of the defendant's counsel, the court gave the jury two instructions, which had been reduced to writing, "and approved by defendant's counsel," and then two instructions follow relating to a recommendation to clemency. These instructions are numbered, "first" and "second,",and are signed by the learned judge. It does not appear in the record who prepared them, but it does show that they were "approved by defendant's counsel," and that no exception was taken to their being given. No exception being saved to the omission to write "given" on the margin of each, such alleged errors can not be considered. Haynes v. United States, 9 N. M. 524.

The purpose of the law requiring each instruction asked for to be marked whether "given" or "refused," evidently is that counsel shall know just what instructions are given and refused, in order to save trouble on appeals. We have a provision of law, section numbered 2998, Comp. Laws of 1897, which requires that instructions shall be in consecutively numbered paragraphs, but this court held in the case of Miller v. Preston, 4 N. M. 404, that this section is merely directory, and that as no rights of defendant were sacrificed or prejudiced by a failure to number the paragraphs, if such failure is error, it is not such error as will justify a reversal.

The sixth assignment is that the court committed error in failing to mark the instructions asked for by the defendant and refused, "refused."

A careful examination of the transcript does not show that any instructions asked for by the defendant were not given, and this assignment consequently falls to the ground.

The seventh and last error assigned is that the jury list served on appellant before the trial contains the name of one Crescencio Cariaga, as one of the jurors, when no such name or person was a member of the

jury trying defendant, nor was any such person a member of the petit jury either in the regular panel or as a talesman, during said term of court.

The New Mexico statutes require, section 3425, Compiled Laws of 1897, that "a list of the jurors summoned shall be given to the defendant in all capital cases twenty-four hours before the trial, and in all other cases before the jury is sworn, if required."

An attempt was made to comply with this provision of law for the record states that the defendant was served with a certified copy of the list of petit jurors. The names in the list so served do not, however, appear, except that on the motion for a new trial, an exhibit is attached which purports to be the certified copy of the list of jurors which was served on appellant. There is in the record no list of the original panel of jurors, and this assignment would have to be at once overruled on the ground that no variance was shown between the original list of jurors and the copy served on appellant, did not page 18 of the record disclose, in the opinion filed by the trial judge, "that when the list of jurors was prepared for service upon the defendant, two jurors of the same family name were found in the panel, and, by inadvertence, in copying the list, the name of Aliano Cariago was written, instead of the name Aliano Torres." Appellant's counsel made no objection and proceeded to trial without objecting and excepting to the correctness of the list furnished his counsel, and without asking to have a correct list furnished. This is a waiver by the appellant and is tantamount to an acknowledgment that a correct list of the jurors had been served upon him. Had his counsel objected to going to trial until a correct list of jurors had been served upon his client, which objection had been overruled, and an exception saved, and the trial proceeded with, we think that it might have been reversible error, but as no such objection was made or exception saved, and as the error complained of is not jurisdictional, the appellant by having gone to trial

without saving exception, and a verdict having been entered, is estopped from raising the point on the motion for a new trial. Haynes v. United States, 9 N. M. 519. This point has been frequently raised in other jurisdictions where the service of a list of the jurors on the defendant is required by statute, and where imperfect lists have been served. The policy of the law in requiring the service of these lists in capital cases, is that the prisoner shall be allowed every facility for making his challenges. This no doubt is greatly promoted by the prisoner having previous knowledge of the names of the persons who are to try him.

The requirements of the statute of the State of Missouri, requiring service of the list of jurors on the defendant, is certainly as strong as ours, and yet the courts of that State hold that the accused must demand it if he would have it. "It is simply a privilege which the statute extends to the accused for his benefit; and if he does not make the demand or require the list, he is presumed to have waived it." State v. Kinger, 46 Mo. 224.

In Arkansas where the list contained an error in the Christian name of one of the jurors, and the prisoner made objection before the jury was empaneled, that the list furnished was imperfect, it was held that the court erred in forcing him to trial without furnishing a perfect list. Stewart v. State, 13 Ark. 720. But this has been denied, and the better rule would seem to be that the trial under such circumstances, may proceed, and, unless some prejudice is shown to have resulted, the judgment will be allowed to stand. Thompson & Merriam on Juries, sec. 117; Goodhue v. People, 94 Ill. 37; State v. Turner, 25 La. Ann. 573; McGarty v. State, 26 Miss. 299; State v. Kane, 32 La. Ann. 999; State v. Dubord, 2 La. Ann. 732; Swofford v. State, 3 Texas App. 76.

The rule as laid down in Illinois is we think the proper one; that a discrepancy between the names as contained on the list furnished and that on the regular panel summoned, which could have been corrected had

the attention of the court been called to the matter, and from which no injury resulted, will be deemed mere harmless irregularity.  Goodhue v. People, 94 Ill. 37.   It does not appear in the motion for the new trial filed in the case, nor in the errors assigned on appeal, that the appellant suffered any injury from the failure to write the proper name in the list of jurors furnished him, and we therefore hold the same to be harmless error.

There is no reversible error in the judgment complained of, and the same is therefore affirmed, and it is so ordered.

Parker, Baker and McFie, JJ., concur.

McMillan, A. J., having tried this case below, did not participate in this decision.