Henry H. Doering, Appellee, v. L. A. Shadburne, Appellant.

Gen. No. 34,468.

Heard in the second division of this court for the first district at the June term, 1930. Opinion filed January 27, 1931.

Frank N. Hillis, for appellant.

James R. Quinn, for appellee.

Mr. Presiding Justice Scanlan delivered the opinion of the court.

Henry H. Doering, plaintiff, sued L. A. Shadburne, defendant, in case. There was a trial before the court, with a jury, and a verdict returned finding defendant guilty and assessing plaintiff's damages at the sum of $4,000. Judgment was entered on the verdict and defendant has appealed.

Plaintiff filed a declaration consisting of three counts, but dismissed as to the second and third. As respects the first count, in view of the nature of the only contention raised by defendant, it is only necessary to state that it alleges (*inter alia*) that defendant

"wilfully, fraudulently and maliciously converted to his own use and to defraud plaintiff, the sum of thirty-four hundred thirty dollars, the property of the plaintiff." The sole contention of defendant is that there is a fatal variance between this allegation and the proof; that the proof shows that defendant obtained from plaintiff a check for $3,430, and that a charge that defendant converted to his own use money is not sustained by proof that he received a check. In support of his contention defendant cites *Goodhue v. People,* 94 Ill. 37, and like cases. These cases have no application to the instant one. The theory of fact of plaintiff was that he gave his check for $3,430, payable to defendant, to defendant; that the check was given upon the promise by defendant that he would purchase, with the proceeds of the check, certain securities, bonds, mortgages, etc., of the value of $3,430 and that he would deliver the same to plaintiff; that defendant obtained from the bank, upon the check, money to the amount of $3,430, but that he failed to purchase the securities, etc., and that he "wilfully, fraudulently and maliciously converted and appropriated to his own use the sum of $3,430 to defraud plaintiff." Even if this were a criminal case the contention of defendant would be without the slightest merit. "A conviction of embezzlement will not be sustained where there is a material variance between the description in the indictment of the property embezzled and the proof. Thus, under an indictment or information for embezzling money it is not permissible to prove the embezzlement of other property; such as a check. *But if the check, or other evidence of indebtedness, was merely the means by which the money alleged to have been embezzled was procured, there is no variance.*" (20 C. J. 478. [Italics ours.] See also *State v. Brooks,* 85 Ia. 366, 373; *State v. Chapin,* 74 Ore. 346, 354; *People v. Crane,* 34 Cal. App. 599, 608.) In the instant case defendant did

not embezzle the check in question. His possession of the same was lawful, and he had a right to cash it in order to obtain the money to purchase for plaintiff certain securities, etc. As stated in the above text, the check was merely the means, by which the money alleged to have been embezzled was procured. Defendant's conversion of the money obtained was the unlawful act. If plaintiff had charged in his declaration that defendant had embezzled the check, then, under the facts of this case, there would have been force in a claim of variance—in fact, plaintiff would have failed to make out a prima facie case, for the reason that his allegation that defendant embezzled the check would not have been sustained by the evidence.

Plaintiff has strenuously contended that this appeal is without the slightest merit and was taken merely for the purpose of delay, and that therefore statutory damages should be allowed him. While this contention is not without some merit, nevertheless, we are not satisfied that the appeal was taken merely for delay, and we have therefore concluded not to allow plaintiff statutory damages.

The judgment of the superior court is affirmed.

*Affirmed.*

GRIDLEY and KERNER, JJ., concur.