## No. 389.

### THE STATE OF LOUISIANA v. JOHN TURNER and ALBERT REID.

| 25 | 573 |
|----|-----|
| 45 | 1043 |

| 25 | 573 |
|-----|-----|
| 105 | 414 |

The fact that a juror was for a moment out of the presence of the officer under whose charge he was, when it does not appear that he had any communication with any other person, does not necessarily establish the presumption of misconduct, and make it obligatory upon this court to set aside the verdict of the jury.

| 25 | 573 |
|------|-----|
| d111 | 964 |
| 25 | 573 |
| 112 | 456 |
| 113 | 801 |

In the copy of the indictment served upon the prisoners in this case, the name of one of the jurors, which is "Philip Darden," appeared as "Dauden." The objection on this point was correctly overruled. It is not shown how this trifling error has prejudiced the prisoners, and this court does not see how it could have had this effect.

| 25 | 573 |
|------|-----|
| f118 | 378 |

| 25 | 573 |
|------|-----|
| f117 | 385 |

Where, on the prosecutrix being offered as a witness by the State, she was interrogated in chief, cross-examined by the defense, re-examined by the State, and then sought to be recross-examined by the defense;

Held—That the court properly refused this to be done, if the re-examination on the part of the State was confined to such matters as the cross-examination drew out.

A motion in arrest of judgment will not prevail, on the ground that the judge excused two persons from serving on the jury, who had been summoned as jurors, and who were not exempt under the law. This objection should have been made when the jury were being impanneled.

The erasure of the name "Albert" and the interlineation of that of "John" in the indictment is not a good ground in arrest of judgment. The accused was identified as the party who committed the crime, and whether he committed it in the name of Albert or John, matters nothing to justice. The District Attorney swears that the change in the name was made on the day the prisoner was arraigned. The court was then authorized at any time to have its records corrected, so as to make them conform to the facts.

There is nothing in the objection that some of the jurors who served on the jury do not appear on the venire, or list of the jurors drawn to serve for that term of the court. It should have been made before the trial was entered upon and while the jury was being impanneled. The prisoners took the chance of the jury; they must take the verdict.

The proposition urged, on the motion for a new trial, that the court refused to charge the jury, as requested, that it is necessary to prove both penetration and emission to make out the crime of rape, is monstrous.

It is the penetrat on which destroys the victim and constitutes the crime, and not the consummation of the violator's lust.

Technicalities which have the tendency to make the criminal laws of the country a shield, instead of a terror, to evil doers, can not be countenanced by this court.

APPEAL from the Fourteenth Judicial District Court, parish of Morehouse. *Ray*, J. Criminal case. *Eugene McFee* and *C. Newton*, for defendants and appellants. *Dunn*, District Attorney, for the State, appellee.

MORGAN, J. The defendants having been found guilty by a jury of having committed a rape upon the person of one Mary Gray, and having been sentenced, in conformity with the verdict, to imprisonment at hard labor for the remainder of their natural lives, have appealed from the sentence which deprives them of their liberty, and

SUPREME COURT OF LOUISIANA,

have assigned several errors in the rulings of the district judge when their case was being tried, which errors they contend entitle them to be remanded to another jury for a new trial.

They assign as error in the proceedings that the jurors who tried them were allowed to separate after they had been sworn and impanneled. It is shown that during the trial several of the jurors, one at a time, were out of the presence of their fellow jurors. But it is also shown that they were only so absent by reason of the imperative calls of nature, and that, when thus absent, they were always under the charge of the deputy sheriff. It is true that, on one of these occasions, after the jury had retired to consider their verdict, one of the jurors, accompanied by a deputy sheriff, came down stairs and went outside of the courtroom, and that the officer was called back by the judge, the juror being thus for a moment separated from the officer. We are called upon to say that this separation forces the presumption of misconduct, which entitles the defendants to a new trial. To do this we would have to impute complicity on the part of the judge, the sheriff's officer, and the juror, all combining to do some act by which the prisoners, if found guilty, would be entitled to a new trial, and thus, perhaps, escape the penalty which the law attaches to their crime, and which had been fully proved to the jury who first tried them. This we have no warrant in law for doing. We will not say that because a juror was for a moment out of the presence of the officer under whose charge he was, when it is not shown or alleged that he had any communication with any other person, and it does not appear that he had an opportunity to have had any, it necessarily establishes the presumption of misconduct, and makes it obligatory upon us to set aside the verdict. We may be willing to take the law upon this subject to be as it is laid down in Hornsby's case, but we can not carry it any further. We would be carrying it very much further if we set aside the verdict of this jury on this ground.

It is contended that the district judge erred in overruling the objection which was made to Philip Darden serving as a juror. In the copy of the indictment served upon the prisoners, his name, it is alleged, appeared as Dauden, but they do not show how this trifling error has prejudiced them, and we do not see how it could have done so.

Another exception was taken to the refusal of the judge to allow defendants to recross-examine the prosecutrix. She was offered as a witness on behalf of the State. She was interrogated in chief, cross-examined by the defense, and re-examined by the State. The defense then sought to recross-examine her. The court refused to allow this to be done. If the re-examination on the part of the State was confined to such matters as the cross-examination drew out, the ruling was

correct. This is a matter of fact which does not appear in the bill of exceptions or in the record, and we can not therefore notice it. We must presume, in the absence of contrary proof or allegation, that the judgment restricted the examination of the witness within the limits prescribed by the law.

Arrest of judgment was moved for on the ground that the judge had excused two persons from serving on the jury who had been summoned as jurors, and who were not exempt under the law. This objection should have been made when the jury were being impanneled. The prisoners had been served with a copy of the venire, and knew that these persons had been summoned. If they wished for their presence they should have called upon the court to have them produced. They did not do so. They can not, after letting their right, if it was a right, go by, claim the benefit of it.

They moved for arrest of judgment on the further ground that there are erasures and interlineations upon the indictments without any authority of court permitting the same.

The erasures and interlineations consist, as is alleged, in this: The indictment, as presented to the grand jury, was against Albert Turner; the warrant was made out against Albert Turner, and it was under this warrant that he was arrested. He was arraigned as Albert Turner; he was tried and condemned as John Turner. It is alleged that this change of name was discovered on the trial, and that after the motion for a new trial had been overruled, it was found that this erasure of "Albert" and the interlineation of "John" had been made, and this without any authority apparent on the face of the papers. In so far as Reid is concerned, he can not complain of this, as it does not concern him, and no arrest of judgment could be asked for him on the grounds stated. Neither can it avail Turner. He was identified as the party who committed the crime, and whether he committed it in the name of Albert or John matters nothing to justice. But the district attorney swears that the change in the name was made on the day the prisoner was arraigned. The court was then authorized at any time to have its records corrected so as to make them conform to the facts.

Again, arrest of judgment was asked, because, it is alleged, the jury impanneled to try them were not drawn from the regular panel. It is averred that Petit, Morris, Williams and Brown, who served on the jury, do not appear upon the venire or list of jurors drawn to serve for that term of the court. There is nothing in this objection. If it existed it should have been made before the trial was entered upon, and while the jury were being impanneled. They can not take advantage of such an error, if it be an error, to get jurors not on the panel who might be favorable to them, and then take advantage of the error after the verdict has been given against them. They took the chance of the jury; they must take the verdict.

They urge that they are entitled to a new trial because the court erred in refusing to charge the jury, as requested, that it is necessary to prove both penetration and emission "to work out the crime of rape.", The proposition is monstrous. It is the penetration which destroys the victim and constitutes the crime, and not the consummation of the violator's lust.

The prisoners, after a fair trial, have been found guilty of an offense which, of all others, is most shocking to the sensibilities of every man born of woman. It is not to this court that they must look for immunity from the punishment due to their crime, or for giving countenance to such technicalities as those upon which they rely for a new trial or arrest of judgment—technicalities which have the tendency to make the criminal laws of the country a shield instead of a terror to evil doers.

Judgment affirmed.