**38 So.2d 395**

### STATE v. BYRD.

No. 39042.

Jan. 10, 1949.

Frank A. Blanchard, of Shreveport, for defendant-appellant.

Bolivar E. Kemp, Jr., Atty. Gen., M. E. Culligan, Asst. Atty. Gen., and Edwin L. Blewer, Dist. Atty. and John A. Richardson, Asst. Dist. Atty., both of Shreveport, for plaintiff-appellee.

O'NIELL, Chief Justice.

The defendant is appealing from a conviction and sentence of imprisonment for

▆▆▆▆▆▆

the crime of battery committed with a dangerous weapon.

He reserved four bills of exception during the trial, but we find no merit in any of them. Three of the bills were reserved to the overruling of objections made by the defendant's attorney to the testimony of three witnesses for the state, who were officers of the law and who testified to admissions or confessions made by the defendant soon after the commission of the crime and while he was in prison awaiting trial. The objection was that the defendant was in the custody of the officers, in jail, "without counsel and was not warned or notified of his legal rights."

■ The judge, in his per curiam, on each of the three bills of exception declares that each of the witnesses, before being allowed to relate what the defendant told him on the occasion in question, testified that the defendant's statement was made freely and voluntarily, without any promise of reward or threat or coercion on the part of anyone. The law does not require that an arresting officer, or one having a prisoner in his custody, shall not receive a confession from the party under arrest, without first informing him that his statements may be used against him. State v. Smith, 156 La. 818, 101 So. 209; State v. Terrell, 175 La. 758, 144 So. 488; State v. Burks, 196 La. 374, 199 So. 220.

■■ The fourth bill of exception was reserved to the refusal of the judge, on the objection of the prosecuting attorney, to allow the defendant's attorney to recall a state witness for re-cross-examination after he had been examined by the prosecuting attorney and cross-examined by the attorney for the defendant. It is argued by the attorney for the defendant that he was prejudiced by being obliged to recall the witness and examine him as his own witness, instead of being allowed to call him for re-cross-examination. The judge states in his per curiam that the witness was not a hostile witness, but on the contrary gave what aid he could to the defendant's case. Be that as it may, the matter of allowing a witness to be recalled to the witness stand for further cross-examination, after he has been examined and cross-examined, is a matter which is left largely to the discretion of the trial judge. State v. Turner, 25 La.Ann. 573; State v. Fernandez, 157 La. 149, 102 So. 186; State v. Woods, 161 La. 863, 109 So. 519; State v. Scruggs, 165 La. 842, 116 So. 206. There is no showing of abuse of that discretion in this instance.

The conviction and sentence are affirmed.