237 So.2d 676

STATE of Louisiana

v.

Evelyn SHIRLEY.

No. 50292.

June 29, 1970.

Rehearing Denied July 30, 1970.

Jack Rogers, Lake Charles, Emile Carmouche, Crowley, for defendant-appellant.

Jack P. F. Gremillion, Atty. Gen., William P. Schuler, Asst. Atty. Gen., Frank T. Salter, Jr., Dist. Atty., Charles W. Richard, Asst. Dist. Atty., for plaintiff-appellee.

HAMITER, Justice.

Evelyn Shirley, the defendant herein, was charged in a bill of information with the crime of abortion in violation of LRS 14:87 in that she did "for the purpose of procuring a premature delivery of the embryo or fetus, use a tube known as a French catheter, on MAYDELLE JOHNSON, a pregnant female." She was convicted and sentenced to serve four years in the Louisiana State Penitentiary.

On this appeal the defendant relies on nine bills of exceptions to obtain a reversal of her conviction and sentence, only two of which (Nos. 7 and 8) were discussed on oral argument here.

■ Bill of exceptions No. 1 was reserved to the court's overruling of a motion to quash the information for the reason that the legislative enactment outlawing abortion is unconstitutional. In arguing this bill in his brief to this court the defendant merely asserts that: "This is a timely and current argument that attacks the abortion statute. These are changing times. Similar attacks are going on in several states and it seems to counsel that the courts are almost unanimously striking down abortion statutes. * * * It suffices to say that this is a constitutional challenge on the abortion statute. If similar statutes in other states are being struck down, then counsel sees no reason why this one should not also be declared unconstitutional under the United States Constitution."

However, no cases are cited to support the proposition that abortion statutes are generally being held unconstitutional. Reference is made only to a recent California case and a Washington, D. C. case, each without citation.

Of course, even if citations had been given, the mentioned causes would not be binding on this court. And the argument is even less impressive when, as here, we cannot determine whether the statutes are sufficiently similar so as to be persuasive. Nor are the reasons for the rulings discussed.

In effect, the argument is similar to that made in State v. Pesson, 235 So.2d 568, No. 50,158 of the docket of this court, recently decided by us. Therein, it was urged that we should view the case in the light of changing public opinion and feelings relative to the propriety of criminal abortion statutes. The following observations which we made are equally appropriate here: " * * * Conceding that it might be proper for us to take judicial cognizance of such public opinion, we find that has no bearing on the case presented here. We cannot substitute public opinion and sentiment for the affirmative pronouncements of the legislature, and are of the opinion that the argument is one which should be addressed to the legislature, or, in a specific case, to the pardon board. Besides, we think that the opinion referred to relates to abortions performed by qualified medical personnel under conditions which safeguard the health of the patient, and not to those performed by persons not specifically trained or equipped to engage in such pursuit."

■ Bill of exceptions No. 2 relates to a handwritten note, introduced by the state, which was allegedly left for the abortion victim giving her directions what to do. Objection was made thereto for the reason that the state had not proved a complete chain of possession from the time it was removed from defendant's door to the court room. In this connection the judge's

per curiam recites: "The evidence established that the victim stated she took the note off the door of defendant's office and that she put it in her purse. The next day at the hospital, a friend removed the note from the victim's purse and gave it to the deputy sheriff. It was then properly established that the possession was complete thereafter. The victim identified the note in court as the note which she removed from the door and placed in her purse.

"Since the note was clearly and positively identified as the note removed from the door of defendant's office and the other witness testified she removed the note from the victim's purse, the ruling of the Court was that a sufficient chain had been established and it was a question of weight which the jury might give to the note." Under these circumstances we find no error in the trial court's permitting introduction of the evidence.

■ Bills of exceptions Nos. 3 and 4 were reserved when the court permitted introduction of two pieces of paper, one blank and the other with writing on it. The basis for the objections to their introduction was that they were irrelevant. The district court's per curiams on these two bills state: "This bill relates to the Court allowing a blank sheet of paper to be introduced into evidence.

"Prior evidence had established that this blank sheet of paper, along with another sheet of paper with writing on it, had been secured from the defendant under a search warrant. The sheet of paper was the identical size of the note which was introduced into evidence.

"This sheet of paper, while blank, was secured from defendant's office and was the same size as the note. This was evidence for the jury to weigh along with the note to determine the guilt or innocence of the defendant." Per Curiam # 3.

"This bill relates to a sheet of paper with writing on it, being introduced into evidence.

"This sheet of paper, along with the blank sheet referred to in Bill of Exception No. 3, was secured by the search warrant. This was relevant for the jury to compare the size and handwriting with the note that was introduced into evidence." Per Curiam # 4. The rulings appear to be correct. Besides, if the papers had not been so connected and were, therefore, irrelevant, we fail to see how their introduction could have been prejudicial to the accused.

■ During the trial, while the friend of the abortion victim who had held possession of the note referred to in bill of exceptions No. 2 was on the stand, defense counsel sought to examine her purse. The request was denied, and bill of exceptions No. 5 was reserved. In his brief to this court the accused argues: " * * * This

relates to the District Judge not allowing defense counsel to examine a rather large purse held by the friend of the lady who had the abortion. This is the same purse the lady testified that the note stayed in several days. The note was in evidence. Of course, counsel can only surmise what would have been in the purse but feels that had he been allowed to examine the purse it would probably have revealed perfume, powder, lip stick, and similar items which would have got on any paper that had been in the purse for a long length of time and thus conclusively shown that the paper introduced in evidence was not the same one that had been in the purse."

However, in its per curiam the trial court states: "The defendant wanted to examine the purse of the victim which she had with her in court.

"Defendant did not lay a foundation to establish the fact that the purse the victim had in court was the same purse that she had put the note in. He merely asked the victim if that black purse was her purse and could he get it." The ruling was correct.

■ While the physician who had treated the victim following the abortion was testifying on cross-examination, defense counsel ascertained that she had been the witness' patient since 1965. Counsel then asked him what he previously treated her for. The state objected and the objection was sustained. Thereupon, bill of exceptions No. 6 was reserved.

In brief here defendant asserts that the purpose of the question was to show that the victim had had prior abortions and that it was possible that she would have known how to use the French catheter herself to produce the abortion. However, the note of evidence shows that no such purpose was stated to the court, or, perhaps, even considered by counsel. When the state's objection was made to any prior treatments not connected to the abortion the court inquired of defense counsel what the relevance of the question was. He replied: "I really don't know; but we have a right. He's showed up and said he was her doctor and treated her. We have a right to go into it if she is his regular patient."

We find no error in the court's ruling.

Bill of exceptions No. 7 recites that a Mrs. Maggie Black was called and examined by the state and then was cross-examined by one of the defense counsel (defendant was represented by two attorneys); and that, thereafter, she was examined again on re-direct by the district attorney. But when the second defense counsel attempted to question her on re-cross-examination the court (without objection from the state) refused to permit him to do so. The court explained that only the attorney who had conducted the initial cross-examination could question the witness on a re-cross-examination. No

further examination of the witness was made.

■■ We do not know what questions the second defense counsel intended asking the witness (they are not shown in the bill of exceptions); consequently, we cannot say that the accused was prejudiced by such counsel's not being allowed to ask them. But even so, the matter of permitting re-cross-examination is in the sound discretion of the district judge. And in the absence of some showing of an abuse of that discretion, and resulting prejudice, his rulings will not be overturned. State v. Fernandez et al., 157 La. 149, 150, 102 So. 186 and State v. Byrd, 214 La. 713, 38 So.2d 395.

The accused here makes no showing whatsoever that the court may have abused its discretion, as for instance if new matter had been brought out on re-direct, etc. Consequently, we do not find the bill of exceptions points out any reversible error.

■ Bill of exceptions No. 8 was reserved to the court's failing to give a special charge requested by the accused.

Article 807 of the Code of Criminal Procedure provides: "The state and the defendant shall have the right before argument to submit to the court *special written charges* for the jury. Such charges may be received by the court in its discretion after argument has begun. The party submitting the charges *shall furnish a copy of the charges to the other party when the charges are submitted to the court.*

"A requested special charge shall be given by the court if it does not require qualification, limitation, or explanation, and *if it is wholly* correct and *pertinent.* It need not be given if it is included in the general charge or in another special charge to be given." (Underscoring ours)

The special charge requested *was not in writing, nor does it appear that it was served on opposing counsel conformably with the provisions of the article.* But even if these defects be not fatal to our consideration of the ruling thereon, we are of the opinion that the bill of exceptions is without merit. It would serve no useful purpose to set forth such requested charge. Suffice it to say that we have examined it in the light of the record and are convinced that *it was wholly impertinent to the matter under consideration.* Hence, the trial court was correct in its conclusion that the charge was not proper in this case.

■ Bill of exceptions No. 9 was reserved following the court's overruling of a motion for a new trial. It is hardly discussed in the brief, except that it is mentioned in connection with the defendant's one paragraph discussion of bill of exceptions No. 6.

The motion for a new trial is based on what is termed newly discovered evidence We have carefully examined the alleged

new evidence and are of the opinion that the trial court correctly overruled the motion for the reason that "The motion failed to satisfy the court that new and relevant evidence was available." Particularly, we note that *the motion fails to allege either the name or the availability* of any witness who might be called to support any of the allegations, as is required by Article 854 of the Code of Criminal Procedure. Moreover, the newly discovered facts which defendant offered to prove on a new trial are, in our opinion, irrelevant to a consideration of the accused's guilt or innocence of the crime charged.

For the reasons assigned the conviction and sentence are affirmed.