MARCUS, Justice.
On this appeal, we are presented with consideration of two bills of exceptions reserved below by appellant. Bill of Exceptions No. 1 was reserved to the ruling of the trial judge denying a motion for a new trial, and Bill of Exceptions No. 2 was taken to the denial of the relief sought in a petition for a writ of habeas corpus.
Appellant was tried and convicted of armed robbery on March 13, 1967. He was then represented by counsel of his own choosing. On July 7, 1967, he was sentenced without being represented by counsel. On September 17, 1971, upon application of appellant, the United States District Court for the Eastern District of Louisiana ordered that the accused be re-sentenced because of his showing that he was without counsel at the time he was sentenced. It was also ordered that counsel be appointed to represent him at this re-sentencing and on any subsequent appeal. On September 21, 1971, in compliance with the order of the Federal District Court, the court below appointed counsel for appellant. On January 12, 1972, with counsel present, appellant was re-sentenced to serve thirty years at hard labor in the State Penitentiary with credit for time already served. A motion for appeal was filed and granted on January 21, 1972.
On October 5, 1972, counsel for appellant filed a motion for a new trial and an application for habeas corpus. Both were denied by the trial judge, and bills of exceptions were reserved which are now the subject of this appeal.
Bill of Exceptions No. 1 deals with the denial of appellant’s motion for a new trial. This motion urges that: (1) new and material evidence was available; (2) errors have been discovered in the proceedings since the verdict; and (3) the ends of justice would be served by the granting of a new trial.
A motion for a new trial may be urged for any of the five reasons set forth in Article 851 C.Cr.P. However, this motion, *702 except for the third ground relating to the availability of new and material evidence, must be filed and disposed of before sentence. Article 853 C.Cr.P. When this ground is urged, the motion may be filed within one year after verdict or judgment of the trial court, even though a sentence has been imposed.
The motion herein was not filed prior to appellant’s re-sentencing. Therefore, the trial judge, under Article 853 C.Cr.P., need only have considered the first allegation recited in this motion, viz. :
“New and material evidence, that notwithstanding the exercise of reasonable diligence by the defendant, was not discovered before or during the trial, is available, and if the evidence had been introduced the verdict probably would have been different.”
When this ground is urged as a basis for the motion for a new trial, Article 854 C. Cr.P. provides that the motion shall contain allegations of fact, sworn to by the defendant or his counsel, showing: (1) that, notwithstanding the exercise of reasonable diligence by the defendant, the new evidence was not discovered before or during the trial; (2) the names of the witnesses who will testify and a concise statement of the newly discovered evidence; (3) the facts which the witnesses or evidence will establish; and (4) that the witnesses or evidence are not beyond the process of the court, or are otherwise available. These are necessary allegations to support the motion under this article.[1]
Appellant’s sole allegation setting forth a mere conclusion of the availability of new and material evidence, not discovered before or during trial and, which, if it had been introduced, would probably have affected the verdict, does not meet the requirements of Article 854 C.Cr.P. The trial judge properly denied the motion for a new trial.
Bill of Exceptions No. 2 was reserved to the denial of the application for a writ of habeas corpus after an eviden-tiary hearing held on November 2, 1972.
Article 369 C.Cr.P. plainly provides that there shall be no appeal from a judgment refusing to grant release upon a petition for a writ of habeas corpus.
This bill, therefore, presents nothing for our review.
For the reasons assigned, the conviction and sentence are affirmed.
DIXON, J., concurs.

. It was noted in State v. Williams, 252 La. 1023, 215 So.2d 799 (1968) that the statutory requirements of R.S. 15:511, one of the sources of Article 854 C.Cr.P., of specific sworn allegations in support of this motion were not inserted by the legislature as an idle gesture. They are meaningful requirements designed to avoid needless and frivolous efforts to impede the consequence of a guilty verdict. In State v. Shirley, 256 La. 665, 237 So.2d 676 (1970), this Court stated, in regard to the necessity of sworn allegations of fact in support of the motion: “Particularly, we note that the motion fails to allege either the name or the availability of any witness who might be called to support any of the allegations, as is required by Article 854 of the Code of Criminal Procedure.”