MARCUS, Justice
(dissenting).
My appreciation of the record, wherein Bills of Exceptions Nos. 14 and 14A were reserved, is as follows.
Gloria Fredericks, a state witness, testified on direct examination that she saw the defendant stab the deceased on the night of the crime. On cross-examination, defense counsel extensively examined her as to the details of the events which occurred that night. She was also questioned by defense counsel regarding a statement given by her to the police. She testified that she was not questioned at the scene of the crime. However, she stated that she gave a statement to the police at the West Jefferson Hospital where she had gone in an ambulance with the victim and Doris Lee immediately after the commission of the crime. She testified that thereafter she was taken to the lock-up for another statement. The questioning by defendant ended, and the state advised the court that it had no further questions. Defense counsel then requested that the witness be instructed to remain for further cross-examination. The court announced it would recess for lunch, but stated that defendant could recall Gloria Fredericks after the lunch recess. There was no indication as to the reason for the recall of this witness.
After the lunch recess, defense counsel first sought to recall Gloria Fredericks. When asked for the reasons for the recall of this witness, defense counsel alluded to a statement allegedly given by Gloria Fred-ericks to the officers and reduced to writing (which was not in the possession of defendant and which had not been seen by her counsel). Said statement was allegedly contradictory to her testimony that she was an eyewitness to the crime. Defense counsel also requested to have the state produce her prior statement. The state objected, and the requests of defendant were denied by the judge. (Bill of Exceptions No. 14 was reserved.)
At this point, any statement Gloria Fred-ericks had given to the officers had not been referred to by any former witness. Her supposed statement was therefore not in fact contradictory to her testimony in any way. Accordingly, in my view, the judge properly denied production of her prior statement. Absent the right to view the prior statement, no useful purpose would have been served by the recall of this witness under these circumstances. This court stated in State v. Cordier, 297 So.2d 181 (La.1974):
It is generally stated that the matter of permitting recross-examination is in the sound discretion of the trial judge and in the absence of some showing of an abuse of that discretion, and resulting prejudice, his ruling will not be disturbed on *881 appeal. State v. Shirley, 256 La. 665, 237 So.2d 676 (1970), cert. den., 401 U.S. 926, 91 S.Ct. 891, 27 L.Ed.2d 829; State v. Byrd, 214 La. 713, 38 So.2d 395 (1949); State v. Fernandez, 157 La. 149, 102 So. 186 (1924).
I find no abuse of discretion of the trial judge here and therefore find no merit to this bill.
Later in the trial, during the interrogation of defense witness Deputy Sheriff Curtis W. Denton, on direct examination, it was established that he had taken a statement of Gloria Fredericks on January 20, 1973 at the “Investigation Division.” He was asked whether he had taken any statements in which any person claimed to have witnessed the killing of Edgar McKnight. The witness answered: “No sir.” Thereafter, the state attempted to elicit from the witness the meaning of his “No” answer. He was asked whether he meant that nobody had told him or that nobody indicated that they actually saw a killing. It was during the course of this cross-examination by the state that an objection was made by defense counsel. The objection was overruled, and Bill of Exceptions No. 14A was reserved. While the testimony in this portion of the transcript is unclear, it is my opinion that Detective Den-ton’s testimony taken as a whole does not indicate that Gloria Fredericks’ statement was contrary to her trial testimony.
Be that as it may, at no time during the testimony of Detective Denton did defense counsel ask for production of the statement given by Gloria Fredericks to Denton. Accordingly, the bill reserved does not conform to the argument made in brief to this court. If impeachment was intended, the prescribed procedure was not followed. The witness, Gloria Fredericks, had already completed her testimony and left the witness stand. Moreover, no foundation had been laid for her impeachment by a prior inconsistent statement. See State v. Hamilton, 302 So.2d 267 (1974). Hence, I find no merit to this bill.
For the foregoing reasons, I respectfully dissent from the reversal of this conviction and sentence.