355 So.2d 1305 (1978)
STATE of Louisiana
v.
Kerry R. KING.
Nos. 60732 and 60733.
Supreme Court of Louisiana.
March 6, 1978.
*1307 Ferdinand J. Kleppner, Grisbaum & Kleppner, Metairie, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., John M. Mamoulides, Dist. Atty., Abbott J. Reeves, Asst. Dist. Atty., Director, Research and Appeals Div., for plaintiff-appellee.
MARCUS, Justice.
Kerry R. King, Peter J. Pichler, and Timothy L. Lehmann were charged in the same information with the crime of simple burglary of a pharmacy in violation of La.R.S. 14:62.1. King and Pichler were jointly tried by a jury and found guilty as charged. After the convictions, but prior to sentencing, the district attorney filed an information accusing defendant King of a previous felony conviction under La.R.S. 15:529.1 (Habitual Offender Law). After hearing, the court found defendant to be an habitual offender and sentenced him to serve fourteen years at hard labor without benefit of parole, probation or suspension of sentence. On appeal, Kerry R. King relies on eleven assignments of error for reversal of his conviction and sentence.[1]

ASSIGNMENT OF ERROR NO. 1
Defendant contends the trial judge erred in excusing a prospective juror for cause *1308 after the juror stated that she would be unable to render a verdict in the case because, under the guiding principles of her religion, she could not judge her fellowman.
Contrary to defendant's assertion, the record reflects that the prospective juror was not excused for cause but, rather, was excused as a result of a peremptory challenge made by the state. The motive for the exercise of peremptory challenges ordinarily is not subject to judicial review. State v. Haynes, 339 So.2d 328 (La.1976); State v. Nix, 327 So.2d 301 (La.1975); State v. Carter, 301 So.2d 612 (La.1974). Accordingly, Assignment of Error No. 1 is without merit.

ASSIGNMENT OF ERROR NO. 2
Defendant contends the trial judge erred in permitting Deputy Robert Fuselier to testify that he saw defendant on the day that the crime was committed in that this testimony was irrelevant.
The record reflects that during the early morning hours of October 20, 1975, while enroute to an investigation in Jefferson Parish, two New Orleans police officers noticed a vehicle occupied by three men parked alongside of a Metairie drugstore. After one of the occupants exited the vehicle and walked toward the pharmacy's front entrance, the other two men drove off but passed in front of the store several times. After observing these activities, the officers departed the scene intending to notify Jefferson Parish police officials of the incident. Meanwhile, in response to an ADT alarm triggered at the pharmacy, Jefferson Parish Deputy Fuselier arrived at the scene and, after noting that the door to the store was slightly ajar, requested assistance. Lehmann, defendant's alleged co-participant in the crime, was subsequently arrested inside of the pharmacy. Having observed the arrival of Jefferson Parish police at the drugstore, the two New Orleans officers returned to the store and related to the Jefferson police that they had seen a car occupied by two men circling the area. They then observed the Jefferson police bringing Lehmann out of the drugstore. At that moment, the same vehicle was spotted by the two officers travelling toward the Orleans Parish line. The New Orleans police officers pursued the vehicle and apprehended the two suspects, later identified as defendant and Peter Pichler, in Orleans Parish. A wallet containing Lehmann's identification was recovered from the front seat of the vehicle. The suspects were then returned to the pharmacy where they were surrendered to the Jefferson Parish deputies.
This court has consistently held that the trial judge is vested with wide discretion in determining the relevancy of evidence, and his ruling will not be disturbed on appeal in the absence of a clear showing of abuse of discretion. State v. Russell, 352 So.2d 1289 (La.1977); State v. George, 346 So.2d 694 (La.1977); State v. Owens, 301 So.2d 591 (La.1974); State v. Ackal, 290 So.2d 882 (La.1974). In the instant case, the testimony of Deputy Fuselier that he had seen defendant and Pichler on the day of the burglary corroborated the testimony of one of the New Orleans police officers that defendant and Pichler were taken to the pharmacy and surrendered to the Jefferson Parish police after they were apprehended in Orleans Parish. As such, the testimony was relevant and admissible. La.R.S. 15:441. Hence, the trial judge did not abuse his discretion in permitting the witness to testify to this fact.
Assignment of Error No. 2 lacks merit.

ASSIGNMENT OF ERROR No. 3
Defendant contends the trial judge erred in permitting Deputy Robert Fuselier to testify, over defense objection, about a written inventory taken by him of bottles of prescription drugs found in a floral pillowcase at the scene of the burglary. He argues that this testimony constituted inadmissible hearsay evidence.
Hearsay evidence is testimony in court, or written evidence of a statement made out of court, the statement being offered as an assertion to show the truth of matters asserted therein, and thus resting *1309 for its value upon the credibility of the out-of-court asserter. C. McCormick, Evidence, § 246 (Cleary ed. 1972).
In the present case, the inventory of the items found in the pillowcase was made and written down by Deputy Fuselier. The owner of the pharmacy was present at the time and participated in the taking of the inventory. Hence, Deputy Fuselier's testimony relative to the taking of the inventory was based upon facts within his knowledge (La.R.S. 15:463) and did not constitute hearsay. State v. White, 247 La. 19, 169 So.2d 894 (1964). Moreover, the owner of the pharmacy also testified at trial concerning his participation in the taking of the inventory and was subject to cross-examination by the defense. Accordingly, the trial judge properly permitted Deputy Fuselier to testify as to the inventory.
Assignment of Error No. 3 is without merit.

ASSIGNMENT OF ERROR NO. 4
Defendant contends the trial judge erred in permitting a state witness to testify as to what constitutes a controlled dangerous substance. He argues that, since the witness was not shown to have any special training or experience in this particular matter, his testimony was inadmissible opinion evidence.
Joseph Tobin, a pharmacist and owner of the burglarized pharmacy, testified that he was specially licensed to dispense controlled dangerous substances and did in fact dispense them at his pharmacy. In response to questioning by the state, the witness related that he dispensed opiates, morphene base drugs and barbiturates. He was then asked whether to his knowledge those drugs are controlled dangerous substances. Defendant's objection to this inquiry was overruled by the trial judge and the witness was allowed to testify as to what is a controlled dangerous substance.
In the instant case, the witness was a pharmacist and was specially licensed to dispense controlled dangerous substances, which he in fact did store and dispense at his pharmacy, In view of his training and experience, the witness was qualified to give testimony relative to what constitutes a controlled dangerous substance. La.R.S. 15:464. Hence, the trial judge did not err in permitting the witness to so testify.
Assignment of Error No. 4 lacks substance.

ASSIGNMENT OF ERROR NO. 5
Defendant contends the trial judge erred in permitting the state to introduce in evidence a pillowcase, several bottles of prescription drugs and a wallet. He argues that these items were not properly identified, either visually or by chain of custody, as being related to the case.
When Lehmann, defendant's co-participant in the crime, was apprehended in the pharmacy, a yellow floral pillowcase containing numerous bottles of prescription drugs was found on the floor of the pharmacy by Deputy Fuselier. With the assistance of Joseph Tobin, owner of the pharmacy, Deputy Fuselier inventoried the bottles and thereafter placed them back into the pillowcase. The pillowcase was then tied, marked with an evidence tag bearing Deputy Fuselier's signature and stored in the evidence locker at the police station. Similarly, when defendant and Pichler were apprehended by Officer Morse, a wallet belonging to Lehmann was recovered by Officer Morse from the front seat of the vehicle driven by defendant. The wallet was surrendered by Morse to the Jefferson Parish police on the following evening. Thereafter, Deputy Fuselier transferred the wallet along with the pillowcase and bottles of prescription drugs to the deputy clerk of court who sealed the items in a box where they remained until the day of trial.
At trial, Deputy Fuselier positively identified the pillowcase as the one he recovered on the night of the crime and testified that the bottles of prescription drugs displayed to him were similar in appearance to those found in the pillowcase. In addition to identifying the pillowcase, Tobin was able to positively identify the majority of the *1310 bottles contained therein as those sold at his pharmacy by the price code markings placed by him on the bottles prior to the commission of the crime. Officer Morse positively identified the wallet as the one recovered by him from the front seat of the car driven by defendant. Over defense objection, the trial judge allowed the pillowcase, the bottles of prescription drugs and the wallet to be admitted in evidence.
To admit demonstrative evidence at a trial, the law requires that the object be identified. The identification can be visual, that is, by testimony at the trial that the object exhibited is the one related to the case. It can also be identified by chain of custody, that is, by establishing the custody of the object from the time it was seized to the time it was offered in evidence. State v. Dotson, 260 La. 471, 256 So.2d 594 (1971). For the admission of demonstrative evidence, it suffices if the foundation laid establishes that it is more probable than not that the object is the one connected with the case. State v. Provost, 352 So.2d 661 (La.1977); State v. Williams, 341 So.2d 370 (La.1976); State v. Collins, 328 So.2d 674 (La.1976). Lack of positive identification goes to the weight of the evidence rather than to its admissibility. Ultimately, connexity is a factual matter for determination by the jury. State v. Hayes, 306 So.2d 705 (La.1975); State v. Freeman, 306 So.2d 703 (La.1975); State v. Dotson, supra; State v. Wright, 254 La. 521, 225 So.2d 201 (1969).
Defendant's contention that these items were not properly identified, either visually or by chain of custody, as being related to the case is without merit. The witnesses made positive visual identifications of the pillowcase, the majority of bottles of prescription drugs and the wallet as items recovered by the police on the night that the crime was committed. Moreover, the evidence was properly stored from the time of recovery until brought to the court on the day of trial. Clearly, it was more probable than not that the pillowcase, the bottles of prescription drugs and the wallet were related to the case. Hence, the trial judge properly permitted their introduction in evidence.
Assignment of Error No. 5 lacks substance.

ASSIGNMENT OF ERROR NO. 6
Defendant contends the trial judge erred in denying his motion for a directed verdict made at the close of the state's case on the ground that the state introduced no evidence of an essential element of the crime, i. e., the unauthorized entry of the pharmacy by defendant.
This matter was tried by a jury on January 12, 1976. La.Code Crim.P. art. 778 was amended by Act No. 527, § 1 of 1975, effective September 12, 1975, to eliminate the authority of the trial judge to direct a verdict of not guilty in a jury trial. This amendment being procedural in nature is applicable to this trial which was held after the amendment's effective date. State v. Schouest, 351 So.2d 462 (La.1977); State v. Spears, 350 So.2d 603 (La.1977); State v. Domangue, 350 So.2d 599 (La.1977); State v. George, 346 So.2d 694 (La.1977); State v. Clark, 340 So.2d 208 (La.1976); State v. Marmillion, 339 So.2d 788 (La.1976). Accordingly, the trial judge had no authority to grant defendant's motion for a directed verdict.
Assignment of Error No. 6 is without merit.

ASSIGNMENT OF ERROR NO. 7
Testifying at trial in his own defense, defendant denied on direct and redirect examination by defense counsel that he had any knowledge that Lehmann planned to burglarize the pharmacy. At the close of the redirect examination, defense counsel objected to any recross-examination of his client by the state. The objection was overruled. The state then proceeded to recrossexamine defendant in an attempt to establish that in fact he did know that Lehmann intended to burglarize the store. At the conclusion of the recross, the trial judge offered defense counsel the opportunity to ask further questions of the witness. Defense *1311 counsel assigns as error the trial court's allowance of recross-examination of defendant by the state.
The matter of permitting recross-examination is in the sound discretion of the trial judge. State v. Calloway, 324 So.2d 801 (La.1975); State v. Cordier, 297 So.2d 181 (La.1974); State v. Shirley, 256 La. 665, 237 So.2d 676 (1970). In the absence of some showing of an abuse of discretion, and resulting prejudice, his rulings will not be overturned. State v. Cordier, supra; State v. Shirley, supra. In the present case, there is no showing that the trial judge abused his discretion. Moreover, the recross was properly within the scope of the redirect examination, and defense counsel was offered an opportunity to ask further questions after the recross had been completed. Accordingly, the trial court's allowance of recross-examination of defendant by the state was not error.
Assignment of Error No. 7 is without merit.

ASSIGNMENT OF ERROR NO. 8
Defendant contends the trial judge erred in denying his motion for a new trial in which he alleged, inter alia, that a member of the jury periodically fell asleep during trial, particularly during the trial judge's charge to the jury, and that at least two of the jurors who voted to convict defendant did not hear and/or understand the jury instructions. He argues that these constituted prejudicial errors or defects in the proceedings which warranted the granting of a new trial.
At the hearing on the new trial motion, defense counsel asserted that, during the course of trial and particularly while the trial judge was charging the jury, he, defendant and Pichler observed a juror sleeping and that they would so testify at the hearing. He further asked that he be permitted to call members of the jury to testify at the new trial hearing in order to show that there existed confusion among members of the jury during their deliberations as to the instructions given to the jury by the trial judge. The trial judge denied defendant's motion to call jurors to testify at the hearing and his motion for a new trial.
La.Code Crim.P. art. 851 provides in pertinent part:
The motion for a new trial is based on the supposition that injustice has been done the defendant, and, unless such is shown to have been the case the motion shall be denied, no matter upon what allegations it is grounded.
The court, on motion of the defendant, shall grant a new trial whenever:
(4) The defendant has discovered, since the verdict or judgment of guilty, a prejudicial error or defect in the proceedings that, notwithstanding the exercise of reasonable diligence by the defendant, was not discovered before the verdict or judgment; or
. . . . .
Defendant's contention that he is entitled to a new trial on the ground that prejudicial error was committed when a juror allegedly fell asleep during trial is without merit. Although defense counsel alleged that he, defendant and Pichler observed the juror's conduct before the jury retired for its deliberations, no objection was made at the time. Defendant's failure to raise the allegedly prejudicial error or defect in the proceedings prior to verdict contravenes the terms of articles 851 and 855 of the Code of Criminal Procedure which allow the defendant to raise an alleged error or defect in the proceedings on a motion for a new trial only if it appears that, notwithstanding the exercise of reasonable diligence by the defendant, the error or defect was not discovered before the verdict. Here, the alleged error or defect was discovered before the verdict. Hence, it cannot properly be raised on a motion for a new trial. Moreover, article 841 provides that an irregularity cannot be availed of after verdict unless it was objected to at the time of occurrence. Also, the trial judge noted in denying the motion for a new trial that he carefully observed the *1312 jury during the trial (including his charge to the jury) and that the jurors were "wide awake and paying attention."
We also consider that the trial judge correctly denied defendant the right to question members of the jury relative to the deliberations of the jury in reaching its verdict. It is well settled that a juror may not impeach the verdict of a jury of which he was a member. La.R.S. 15:470. State v. Williams, 346 So.2d 181 (La.1977); State v. Credeur, 328 So.2d 59 (La.1976); State v. Hatch, 305 So.2d 497 (La.1974). Hence, the second ground for defendant's motion for a new trial, i. e., that at least two members of the jury who voted to convict defendant did not hear and/or understand the jury instructions given by the trial judge, is equally without merit.
In sum, the trial judge properly denied defendant's motion for a new trial.
Assignment of Error No. 8 has no merit.

ASSIGNMENTS OF ERROR NOS. 9 AND 10
In these assignments of error, defendant contends that the Habitual Offender Law, La.R.S. 15:529.1, violates the federal and state constitutions in that it subjects a convicted offender to double jeopardy and imposes cruel and unusual punishment.
This contention has been addressed in several decisions of this court. State ex rel. Clark v. Marullo, 352 So.2d 223 (La.1977); State v. Linkletter, 345 So.2d 452 (La.1977); State v. Badon, 338 So.2d 665 (La.1976); State v. Jolla, 337 So.2d 197 (La.1976); State v. Bullock, 329 So.2d 733 (La.1976); State v. Harvey, 329 So.2d 731 (La.1976); State v. Walker, 328 So.2d 87 (La.1976); State v. Williams, 326 So.2d 815 (La.1976); State v. Boatner, 304 So.2d 661 (La.1974). For the reasons expressed therein, it is without merit.
Assignments of Error Nos. 9 and 10 lack substance.

DECREE
For the reasons assigned, the conviction and sentence are affirmed.
NOTES
[1] Defendant has neither briefed nor argued Assignment of Error No. 11. Therefore, we consider this assignment of error to have been abandoned. State v. Blanton, 325 So.2d 586 (La.1976); State v. Carlisle, 315 So.2d 675 (La. 1975).