418 So.2d 515 (1982)
STATE of Louisiana
v.
Leroy SMITH.
No. 81-KA-2745.
Supreme Court of Louisiana.
June 21, 1982.
Rehearing Denied September 3, 1982.
*517 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Norval J. Rhodes, Dist. Atty., Glynn Voisin, Michael J. Scurto, Asst. Dist. Attys., for plaintiff-appellee.
Norman Mopsik, New Orleans, for defendant-appellant.
ROBERT L. LOBRANO, Justice Ad Hoc.[*]
Defendant Leroy Smith, was charged by amended bill of information filed June 7, 1979 with armed robbery in violation of La.R.S. 14:64. He entered a plea of not guilty and was tried by jury on January 29, 1981. Defendant was found guilty and subsequently sentenced to serve sixty years at hard labor without benefit of parole, probation or suspension of sentence. Defendant now appeals his conviction and sentence asserting eighteen assignments of error.
STATEMENT OF FACTS
On March 11,1979 at approximately 12:45 A.M. Yvette Marie Stevens and Denise Watts, employees of a Time Saver store in Schriever, La. were in the process of closing out their shift when three males wearing hats and sunglasses entered the store. They approached the counter and one of *518 them asked Ms. Stevens where the luncheon meats were located. As he returned from the cold meat counter with a package of King Cotton Salami, the other two individuals walked around the store near the liquor area. At this time, the defendant approached the area behind the counter restricted to employees and pulled a knife on Ms. Watts. Ms. Watts immediately stepped aside and defendant took approximately $150.00 in cash from the safe and cash register. Also taken was a package of King Cotton Salami, and certain items belonging to Denise Watts, including her purse. The two ladies were then forced into the storeroom as the perpetrators fled. After watching the individuals leave, they left the storeroom, locked the door and called the police.
Ms. Stevens and Ms. Watts described the three (3) individuals as follows:
a) Black/Male, tall thin with sunglasses and hat wearing blue denim jumpsuit, carrying knife;
b) Black/Male, shorter, with sunglasses and hat;
c) Black/Male, shorter than the other two, stout, with sunglasses, hat and a pullover sweater.
According to the testimony of Detective Larose of the Terrebonne Parish Sheriff's office, a BOLO (be on the Lookout) was sent out by his office after the initial investigation at the scene of the offense. While continuing their investigation, the officers received a call from the Thibodaux Police department advising that they had four suspects in custody. Detective Larose, Ms. Watts and Ms. Stevens then went to Thibodaux where each clerk separately viewed the four suspects through a one way mirror. Each clerk independently picked defendant, Smith, and another individual as the perpetrators of the robbery. It was also learned that the vehicle in which the suspects were riding belonged to Frank Gray. Although Gray was one of the four detainees, he was not identified as one of the robbers. He then allowed the officers to search his vehicle after signing a consent to search. The search revealed a pack of King Cotton Salami, a butcher knife and other items, some of which belonged to Ms. Watts and which were positively identified by her.
ASSIGNMENTS OF ERROR NOS. 1 and 7
By these assignments defendant contends that the trial court erred in denying his motion to quash the indictment because the penal provisions of La.R.S. 14:64 violate his constitutional protections against cruel and unusual punishment.
Defendant's position overlooks the substantial body of jurisprudence holding otherwise. See, e.g., State v. Johnson, 406 So.2d 569 (La.1981); State v. McCrae, 383 So.2d 388 (La.1980); State v. Victorian, 332 So.2d 220 (La.1976); State v. Stewart, 325 So.2d 828 (La.1976), cert. denied, 425 U.S. 997, 96 S.Ct. 2213, 48 L.Ed.2d 822 (1976); State v. Martin, 304 So.2d 328 (La.1974).[1]
This assignment lacks merit.
ASSIGNMENT OF ERROR NO. 2
Defendant asserts that the trial court erred in denying him a copy of his "Right of Arrest" form, or information related to it, and further that he was denied a list of the state's witnesses prior to trial. Additionally he complains that the state's answers to his various requests in his Motion for Discovery were unresponsive, including requests for physical evidence or tangible property obtained from any person.
At the Motion to Suppress hearing held on July 24, 1979, defendant's attorney, and counsel for a co-defendant discussed their objection to the state's responses to their discovery motions. Defendant's attorney stated that all of the state's responses were acceptable except those noted by the co-defendant's counsel and denied by the trial court. La.C.Cr.P. Art. 842. Those objections are:

*519 1. the list of witnesses that the state intended to call at trial;
2. rap sheets on any witnesses the state intended to call at trial;
3. the names and addresses of persons (other than the victims) who were involved with the identification of the defendant;
4. a copy of the exact description given to police by the victims of the suspects;
Of the above noted list of objections, only the denial of the state's witness list is properly before this Court. Only that issue was objected to at the trial and asserted as error here in defendant's brief. See, State v. Jones, 381 So.2d 416 (La.1980); State v. Mallett, 357 So.2d 1105 (La.1978).
However, we find it has no merit. There is no basis in either the statutory or common law to support defendant's position. Further, unless the ruling of the trial court on a pre-trial matter is clear abuse of discretion, it will be given great weight by this Court on review. State v. Burch, 365 So.2d 1263 (La.1978); State v. Vince, 305 So.2d 916 (La.1974). We find no abuse of discretion on the part of the trial court in this instance.
ASSIGNMENT OF ERROR NO. 3
Defendant's argument on this assignment of error is not clear as to the specific issue objected to. Apparently defendant contends that, even though the owner of the vehicle in which he was riding at the time of his arrest executed a "Consent to Search" form, no such form was ever executed by defendant. The vehicle in question, a brown Vega, belonged to and was registered in Frank Gray's name. Gray consented in writing to the search after being advised of his rights. Gray drove the car the night of the offense and was driving when the defendants were arrested. He was allowed to drive the car to the police station with a police escort. The search of the vehicle produced several pieces of inculpatory evidence.
Clearly Gray had the authority to consent to the search of his vehicle since he was both the owner and the operator of the vehicle on the night of the offense, and (at the least) possessed common authority over the car. See State v. Bodley, 394 So.2d 584 (La.1981). The state has the burden of proving that the consent to the search was freely, voluntarily, and knowingly given. State v. Jolla, 384 So.2d 370 (La.1980). Here the investigating officer testified that Gray was read his rights before consenting to the search, and according to the officer, he understood and signed the consent form. It thus appears that the trial court did not abuse its discretion in finding that the state has carried its burden regarding the consent for the search.
This assignment lacks merit.
ASSIGNMENTS OF ERROR NOS. 4 and 16
Within two and one-half (2½) to three (3) hours after the crime, defendant was placed in a room with a one-way window with three other suspects. The victims then individually viewed the suspects, and they both identified defendant. The trial court refused to suppress this post-arrest identification. Defendant alleges this to be error as he claims his constitutional safeguards were not preserved.
The United States Supreme Court in Manson v. Brathwaite, 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977) concluded that reliability is the linchpin in determining the admissibility of identification testimony. In analyzing reliability the court should look at the totality of the circumstances surrounding the identification procedure. This Court discussed the Brathwaite decision in State v. Davis, 409 So.2d 268 (La. 1982), wherein it was stated:
"The factors to be considered include the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of his prior description of the criminal, the level of certainty displayed at the confrontation, and the time between the crime and the confrontation. Against these factors is to be weighed the corrupting *520 effect of the suggestive identification. The court noted that the standard, after all, is that of fairness as required by the due process clause of the fourteenth amendment. In the final analysis, it must be determined whether under all the circumstances of a particular case there is a very substantial likelihood of irreparable misidentification." Id. at p. 270.

From Steven's testimony it appears that she had the opportunity to view the defendant for several minutes in bright lighting at a very close distance. Her degree of attention is attested to by the accurate description she was able to give the police. She was able to pick out defendant from three other black males at the police station about three hours after the crime. Against these factors this court must weigh the minimally suggestive nature of the identification. Although the lineup took place at the station house several hours after the offense and included only four fill-ins beside defendant, the police did not talk to the victims during the lineup beyond telling them to be sure before they made the identification.
Under all of the circumstances of the instant case there was not a substantial likelihood of irreparable misidentification. State v. Stewart, 387 So.2d 1103 (La.1980). As Stewart notes, the trial judge's determination of admissibility is to be given great weight and should not be disturbed unless a preponderance of evidence clearly mandates that this Court do so. State v. Stewart, supra; State v. Griffin, 336 So.2d 791 (La. 1976). This is not the case here.
This assignment lacks merit.
ASSIGNMENTS OF ERROR NOS. 5 and 6
By these assignments, defendant asserts that the police had no probable cause to stop the vehicle in which defendant was a passenger, and any evidence obtained in a subsequent search of the vehicle was inadmissible. Defendant filed a motion to suppress the evidence, and a motion to quash the arrest, both of which were denied.
This Court, in State v. Davis, 407 So.2d 666 (La.1981), discussed the standards governing the probable cause necessary to justify a warrantless arrest. The Court stated:
"A probable cause to arrest exists when facts and circumstances within the arresting officer's knowledge and of which he has reasonable and trustworthy information are sufficient to justify a man of average caution in the belief that the person to be arrested has committed or is committing an offense." Id. at 668.

If a crime has been committed the police are only required to make a determination if there is sufficient trustworthy information to justify a man of ordinary caution to believe that the person to be arrested has committed the crime.
In the instant case, the police knew from the radio broadcasts that a crime had been committed, and they had a reasonable description of the robbers and the vehicle they used. The trial court, in denying the motion to quash the arrest, stated as follows:
"As to the motion to quash based on an illegal arrest which essentially deals with the probable cause to stop and detain these defendants initially. I'm satisfied that there was enough evidence put out over the air testified to by the officers in the hearing which took, the earlier part of this hearing which took place other than today to give these officers probable cause to stop this vehicle. It was the approximate color. It had the requisite number of individuals in it. As I recall from the prior hearing, there was a string of carnival beads, as I remember, that were hanging from the rearview mirror which had been also put out over the air. There's enough identity there to provide probable cause for this stop and arrest. So the motion to quash the illegal arrest is denied."
We conclude that the arrest of defendant was justified, and the trial court was correct in denying defendant's motion to quash the bill of information. In any event, it is well settled that an illegal arrest or detention *521 of the defendant does not void his subsequent prosecution and conviction. Gerstein v. Pugh, 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975); Frisbie v. Collins, 342 U.S. 519, 72 S.Ct. 509, 96 L.Ed. 541 (1952).
Defendant also contends that he was not advised of the reason or nature of his arrest in violation of Article 218 of the Code of Criminal Procedure. That article requires the officer making a warrantless arrest to advise the suspect "... of his intention to arrest him, of his authority, and of the cause of the arrest." La.C.Cr.P. Art. 218. The testimony of the arresting officer, as well as other officers, clearly indicates that the defendant was advised in accordance with Article 218, as well as his Miranda rights, at the time of his arrest. In addition this court has never imposed a sanction that would void a subsequent conviction if a police officer failed to comply with Article 218. This argument lacks merit.
Finally defendant contends the evidence seized from the subject vehicle should have been suppressed since it was seized pursuant to a warrantless search. This contention overlooks the fact that a valid consent to search the vehicle was given by its owner. See assignment of error No. 3.
ASSIGNMENTS OF ERROR NOS. 8, 9, 12, 14 and 15
These specifications of error all deal with the trial court's overruling defendant's objections to certain testimony and evidence presented at trial. Specifically, assignments 8 and 9 deal with testimony identifying physical evidence related to persons other than defendant. Assignments 12 and 14 deal with alleged hearsay testimony, and assignment 15 urges the trial court erred in refusing a mistrial because of impermissible evidence pertaining to other crimes.
The victims testified as to the clothing, hat and sunglasses worn by the other individuals involved in the robbery. They also identified the defendant's clothing and apparel. Defendant contends that their testimony in that regard and the evidence identified was irrelevant and created a prejudicial atmosphere.
Relevancy is defined in La.R.S. 15:441 as:
"Relevant evidence is that tending to show the commission of the offense and the intent, or tending to negative the commission of the offense and the intent.
Facts necessary to be known to explain a relevant fact, or which support an inference raised by such fact are admissible."
The trial court's ruling as to the relevancy of evidence should not be disturbed absent a clear abuse of discretion. State v. Walker, 394 So.2d 1181 (La.1981). If the evidence is relevant and otherwise admissible, the fact that it is prejudicial does not bar its admission. State v. Clift, 339 So.2d 755 (La.1976); State v. Hatch, 305 So.2d 497 (La.1975). The testimony was certainly relevant to show the depth of the victim's memory regarding the incident and to support her identification of the defendant. We do not find that trial court's ruling erroneous and therefore find no merit in assignments 8 and 9.
Assignment of error No. 12 lacks merit in that the trial court properly sustained defendant's objection to hearsay testimony. Defendant objected to the alleged hearsay testimony of Officer Larose prior to any such testimony being given, and the trial court properly overruled same as being premature. At the point where Officer Larose was asked about the phone call he received from the Lafourche Parish Sheriff's Office, the trial court quite properly held it to be inadmissible hearsay.
The basis for assignment No. 14 is the objection made by defendant to the testimony of a police officer that he learned who owned the vehicle used in the robbery from a computer printout in response to a registration check on the car's license plate. The printout was an out-of-court statement, introduced for the truth of its contents, and constitutes hearsay evidence. State v. Martin, 356 So.2d 1370 (La.1978). However, defendant has asserted no defense that relates to the ownership of the car. While the trial court may have erred in admitting *522 the testimony, there has been no prejudice shown. The error was harmless, and we therefore find no merit in this assignment.
The defendant argues in assignment No. 15 that the mention of the subject vehicle in a police bulletin concerning a different robbery earlier the same evening was not only hearsay, but impermissible evidence pertaining to other crimes. Defendant's relief in this regard is pursuant to La.C.Cr.P. Art. 771[2] since the statement was made by a witness, and not a court official. Mistrial under that section is at the discretion of the trial court and should be granted only where the prejudicial remarks of the witness make it impossible for the defendant to obtain a fair trial. Moreover mistrial is a drastic remedy which is only authorized where substantial prejudice will otherwise result to the accused. State v. Tribbet, 415 So.2d 182 (La.1982); State v. Governor, 331 So.2d 443 (La.1976).
In the instant case the isolated and unexplained statements of the officer regarding the automobile are not so significant or indicative of another crime that a mistrial should have been ordered. This is particularly so where the car has been mentioned several times in earlier testimony thus linking it to the instant crime in the minds of the jury. Moreover there is no evidence that the allegedly impermissible remark was deliberately obtained by design of the prosecutor to prejudice the rights of the defendant. State v. Lewis, 353 So.2d 703, 711 (La.1977).
ASSIGNMENT OF ERROR NO. 10.
Defendant complains that the testimony of Officer Larose stating that he learned the robbery was perpetrated by three black males constituted hearsay since it was based on an out of court statement. A review of the record indicates that defendant is correct with respect to that particular statement. However, the victims' testimony is replete with references to the three black males who entered the store. Larose's testimony, while hearsay, merely corroborates that testimony. This court has held that inadmissible hearsay which is merely cumulative or corroborative of other testimony adduced at trial is harmless. State v. Spell, 399 So.2d 551 (La.1981); State v. McIntyre, 381 So.2d 408 (La.1980); State v. Sterling, 377 So.2d 58 (La.1979). This assignment lacks merit.
ASSIGNMENT OF ERROR NO. 11
The following colloquy is the basis for defendant's assertion of this assignment of error:
"OFFICER LAROSE:
... inside the refrigerator section. Uh, on my way to the scene, I had recalled earlier that nightI had been working the four to midnight shiftand I had just gotten home about thirty minutes when I had gotten the call on this robbery, but we had received a robbery...
MR. KLEPPNER:
Your Honor, I'm going to object at this time, and I'd like to approach the bench. (CONFERENCE OFF THE RECORD) (JURY EXCUSED FROM COURTROOM)
THE COURT:
Let me mention there's been an objection to the fact . . In fact, it's been objected to the possibility of any other *523 evidence of any other crime to be presented to the jury. So, I must admonish you that you must not allude to any other crime.
THE WITNESS:
Okay.
THE COURT:
If you do, it could be very highly prejudicial to the extent that I would have to order a mistrial.
THE WITNESS:
In other words, you're speaking to the method of operation and so forth, from the previous robbery. That's what you're saying.
THE COURT:
What I'm trying to say is if there's a previous robbery, you shouldn't . .
THE WITNESS:
Okay, there's no problem.
THE COURT:
It could be very highly prejudicial.
MR. KLEPPNER:
Your Honor, for the record, I would ask that that instruction pertain to any element or any evidence connected with any other crime, including automobiles, vehicles, anything of this sort.
THE COURT:
All right."
The record does not indicate that counsel in fact moved for a mistrial, although he may have made the motion during the unrecorded bench conference. To the extent that the trial court agreed with his argument and sustained the objection, counsel may have no further complaint here. State v. Nicholas, 359 So.2d 965 (La.1978). In any event, the discretionary mistrial provisions of La.C.Cr.P. Art. 771(2) would apply rather than Art. 770(2) as asserted by defendant, since the allegedly prejudicial remark was made by a witness. As noted earlier mistrial is a drastic remedy and the trial court's ruling on an Art. 771 mistrial motion should not be disturbed absent a clear abuse of its discretion. There was no abuse of discretion of the trial court in refusing to grant a mistrial.
ASSIGNMENT OF ERROR NO. 13
It appears from this assignment of error that defendant objects to his initial identification at the jail prior to his being given his Miranda rights. This position is clearly contradicted by the testimony of the arresting officers. There is no question that the state has carried its burden of showing that defendant was advised of his constitutional rights prior to lineup. Defendant has no constitutional right not to subject himself to physical inspection by witnesses in the course of a lineup. United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967); State v. Johnson, 255 La. 314, 230 So.2d 825 (1970). Furthermore, defendant's proper mechanism to challenge a lineup is by way of a motion to suppress, not by objection at trial.
This assignment lacks merit.
ASSIGNMENT OF ERROR NO. 16
This assignment is basically the same objection as raised in assignment No. 13. Here, defendant objects to the victim's testimony concerning her identification of him at the police station lineup. As noted previously the state has carried its burden in proving that defendant was advised of his rights before the lineup. Accordingly this assignment also lacks merit.
ASSIGNMENT OF ERROR NO. 17
The victim, during her testimony identified various items of demonstrative evidence, and Officer Larose testified as to their chain of custody. Defendant asserts that these items were improperly admitted in evidence, although he does not state specific objections. This Court discussed demonstrative evidence in State v. Williams, 362 So.2d 530 (La.1978), where the following was stated:
"To admit demonstrative evidence at a trial, the law requires that the object be identified. The identification can be visual, that is, by testimony at the trial that the object exhibited is the one related to the case. It can also be identified by chain of custody, that is, by establishing the custody of the object from the time it was seized to the time it was offered in evidence. State v. King, 355 So.2d 1305 *524 (La.1978); State v. Dotson, 260 La. 471, 256 So.2d 594 (1971). For the admission of demonstrative evidence, it suffices if the foundation laid establishes that it is more probable than not that the object is the one connected with the case. State v. King, supra; State v. Provost, 352 So.2d 661 (La.1977); State v. Williams, 341 So.2d 370 (La.1976); State v. Collins, 328 So.2d 674 (La.1976). Lack of positive identification goes to the weight of the evidence rather than to its admissibility. Ultimately, connexity is a factual matter for determination by the jury. State v. King, supra; State v. Hayes, 306 So.2d 705 (La.1975); State v. Freeman, 306 So.2d 703 (La.1975); State v. Dotson, supra; State v. Wright, 254 La. 521, 225 So.2d 201 (1969)." Id. at 532 and 533.

We find no merit in this assignment of error.
ASSIGNMENT OF ERROR NO. 18
By this assignment, defendant asserts that the trial court erred in overruling his motion for new trial. However, we find that defendant failed to raise this assignment in his formal assignments of error, and did not amend to include this argument. According to the provisions of La.C. Cr.P. Arts. 844 and 920[3] he is precluded from raising this issue on appeal.
For the reasons assigned herein, the conviction and sentence appealed from are affirmed.
NOTES
[*] Judges William Norris, III. and Fred C. Sexton, Jr., of the Court of Appeal, Second Circuit, and Judge Robert L. Lobrano of the Court of Appeal, Fourth Circuit, participated in this decision as Associate Justices pro tempore, joined by Chief Justice Dixon and Associate Justices Marcus, Blanche and Lemmon.
[1] Defendant, by Assignment of Error No. 7, also contends that his sentence is excessive considering the offense committed and "litigating (sic) circumstances." However, in his brief, his argument for No. 7 merely reads.

"See supra Argument No. 1," which relates only to a general claim regarding the unconstitutionality of the sentencing range of La.R.S. 14:64.
[2] "In the following cases, upon the request of the defendant or the state, the court shall promptly admonish the jury to disregard a remark or comment made during the trial, or in argument within the hearing of the jury, when the remark is irrelevant or immaterial and of such a nature that it might create prejudice against the defendant, or the state, in the mind of the jury:

(1) When the remark or comment is made by the judge, the district attorney, or a court official, and the remark is not within the scope of Article 770; or
(2) When the remark or comment is made by a witness or person other than the judge, district attorney, or a court official, regardless of whether the remark or comment is within the scope of Article 770.
In such cases, on motion of the defendant, the court may grant a mistrial if it is satisfied that an admonition is not sufficient to assure the defendant a fair trial." La.C.Cr.P. Art. 771.
[3] La.C.Cr.P. Art. 844 provides:

"The party appealing shall designate, in writing, those errors which are to be urged on appeal. This assignment of errors shall be filed within the time specified by the trial judge, but not later than five days prior to the return date. A copy of the assignment of errors shall be furnished to the trial judge by the appealing party on the date such errors are filed.
The trial judge may submit such per curiam comments as he desires."
La.C.Cr.P. Art. 920 provides:
"The following matters and no others shall be considered on appeal:
(1) An error designated in the assignment of errors; and
(2) An error that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence."