MADELEINE M. LANDRIEU, Judge.
| following a jury trial, the defendant, Louis Marshall, was found guilty as charged of one count of possession with intent to distribute heroin and one count of possession with intent to distribute cocaine. Mr. Marshall appeals his convictions on the ground that the trial court erred in denying his motion for a mistrial. For the reasons set forth below, we affirm Mr. Marshall’s convictions and amend one of his sentences.
PROCEEDINGS BELOW
On January 21, 2011, Mr. Marshall was charged by bill of information with one count of possession with intent to distribute heroin, a violation of Louisiana Revised Statute 40:966(A)(1), and one count of possession with intent to distribute cocaine, a violation of Louisiana Revised Statute 40:967(A)(1). After a one-day jury trial on November 10, 2011, Mr. Marshall was found guilty as charged. He was sentenced to serve fifty years at hard labor, without benefit of probation, parole or suspension of sentence and ordered to pay court costs of $191.50 for possession with intent to distribute heroin. For possession with intent to distribute |2cocaine, Mr. Marshall was sentenced to serve thirty years at hard labor, without benefit of parole or suspension of sentence, to run concurrently with the heroin sentence, and ordered to pay court costs of $191.50. Mr. Marshall appeals this convictions.
FACTS
Mr. Marshall was arrested on January 6, 2011, at his girlfriend’s residence. Detective Desmond Pratt of the New Orleans Police Department and members of the New Orleans Police Department Sixth District Task Force went to the residence to execute a search warrant unrelated to the narcotics charges. Upon arriving at the residence, Detective Pratt was greeted at the door by Mr. Marshall’s girlfriend, Crystal Williams. Detective Pratt testified that there were about six individuals inside the residence, including Mr. Marshall. Detective Pratt could see, in plain view, crack cocaine, a scale, and some baggies on the kitchen counter. When asked about the cocaine, Mr. Marshall stated, “That shit is mine. All that shit is mine, crack, all that shit.” Mr. Marshall was immediately arrested. A search incident to his arrest recovered from his pocket a clear plastic bag with several smaller plastic bags of a brown-powder like substance, which was determined to be heroin.
ERRORS PATENT
A review of the record for errors patent reveals one. In the sentence for possession with intent to distribute cocaine, the trial court sentenced Mr. Marshall to thirty years without benefit of probation, parole, or suspension of sentence under | .-¡Louisiana Revised Statute 40:967 B(4)(b). This statute provides that the sentence for possession with intent to distribute cocaine shall be “not less than two years nor more than thirty years, with the first two years of said sentence being without benefit of parole, probation, or suspension of sentence.” La. R.S. 40:967 B(4)(b).
“An illegal sentence may be corrected at any time by the court that imposed the sentence or by an appellate court on review.” La. C. Cr. P. art. 882(A). We amend Mr. Marshall’s sentence to delete the denial of probation and parole eligibility after the first two years of the sentence and instruct the trial court to make a minute entry and issue a new commitment form reflecting this change.
DISCUSSION
In his sole assignment of error, Mr. Marshall asserts that the trial court abused its discretion in denying his motion *389 for mistrial after a police detective, on cross-examination by defense counsel, improperly referred to the fact that the police went to the residence to conduct a search in connection with a homicide investigation.
Mr. Marshall contends that Detective Pratt’s reference to the homicide report violated an agreement reached by the parties and the trial court at a pre-trial conference and was intentional and not responsive to • defense counsel’s question. Detective Pratt testified during cross-examination as follows:
Q. The residence you were in where you found this [sic] narcotics, was that Mr. Marshall’s residence?
A. It’s his girl — it’s Christy Williams— Chrystal Williams, she has a Section 8 for — she’s out of the projects, housing development too.
|tQ. And you said there were about five or six people, at least five or six people in the residence?
A. There was [sic] about six people, yeah. Yes.
Q. And were they happening to be playing cards when you arrived there?
A. I’m not sure if they were playing cards.
Q. And did you record the names of these five or six people?
A. It’s in my homicide report, the names of the people. You didn’t see it in the report right here so—
After this exchange, defense counsel asked to approach the bench. The jury was removed from the courtroom. The trial judge asked Detective Pratt whether or not the State had instructed him to mention the homicide investigation during his testimony. Detective Pratt responded that the State had told him not to bring up the homicide investigation. Then, defense counsel requested a mistrial. The trial judge denied the request, stating that any defect could be rectified by a “curative instruction” and noting the defense’s objection. During the resumed cross-examination, defense counsel asked Detective Pratt if Mr. Marshall had any involvement in the homicide case that he was investigating. Detective Pratt stated that Mr. Marshall did not. During the reading of the jury charges, the trial court admonished the jury to disregard any reference to a homicide investigation.
Louisiana Code of Criminal Procedure article 771 provides, in pertinent part,
upon the request of the defendant or the state, the court shall promptly admonish the jury to disregard a remark or comment made during the trial ... when the remark is irrelevant or immaterial and of such a nature that it might create prejudice against the defendant, or the state, in the mind of the jury: (2) when the remark or comment is made by the witness ... regardless of whether the remark or comment is within the scope of Article 770.
|¡jThe article further states that the “court may grant a mistrial if it is satisfied that an admonition is not sufficient to assure the defendant a fair trial.” La.C.Cr.P. art. 771. This court has consistently held that the granting of a mistrial is a drastic measure, which is authorized when the defendant will be prejudiced to the extent that he would not receive a fair trial. See, State v. Smith, 418 So.2d 515 (La.1982); State v. Tribbet, 415 So.2d 182 (La.1982); State v. Governor, 331 So.2d 443 (La.1976). The decision to grant or deny such motion, or to admonish a jury, is squarely within the discretion of the trial court. State v. Smith, 418 So.2d at 522. Absent abuse of that discretion, we will not overturn a trial court’s ruling. State v. Wessinger, 98-1234, p. 24 (La.5/28/99), 736 So.2d 162, 183.
*390 We cannot say that Mr. Marshall was improperly prejudiced by the detective’s remark. The trial court properly questioned the witness outside the presence of the jury and was satisfied that the reference to the homicide investigation was inadvertent on the part of the witness and unsolicited by the State. Once the trial resumed, defense counsel elicited from Detective Pratt testimony that Mr. Marshall had no involvement in the homicide, and the trial court gave a limiting instruction to the jury to disregard any mention of the homicide investigation. We find that the trial court did not abuse its discretion in denying Mr. Marshall’s motion for mistrial. This assignment of error is without merit.
^CONCLUSION
For the reasons stated, we affirm Mr. Marshall’s convictions and amend his sentence for possession with intent to distribute cocaine in accordance with this opinion.
CONVICTIONS AFFIRMED; SENTENCE AMENDED