WICKER, J.,
concurs with reasons.
|,While I agree both with the outcome in this case and with the majority’s analysis of the second assignment of error, I respectfully disagree with the majority’s analysis of the first assignment of error. This assignment concerns the victim’s statement to a homicide detective, Sergeant David Spera, made four days after the victim was shot and one day before his death. In that statement, the victim described the man who shot him in detail. While I agree that the state failed to lay the foundation upon which the trial court could have found the statement to be a dying declaration, it is my opinion that it was error to admit this statement as a “police explanation.”
A hearsay statement is a statement, other than one made by the declarant while testifying at the present trial or hearing, offered in evidence to prove the truth of the matter asserted. State v. Hearold, 603 So.2d 731, 737 (La.1992) (citing 5 John H. Wigmore, Evidence in Trials at Common Law § 1364 (Chadbourn rev., 1974); 4 Jack B. Weinstein & Margaret A. Berger, Weinstein’s Evidence, ¶ 800[04] (1991); La.Code Evid. art. 801(C); State v. King, 355 So.2d 1305 (La.1978)). In the present case, Sgt. David Spera testified that the victim described his assailant as “five-ten to six feet tall, thin to medium build with twisted or braided hair that was a couple of inches long” and as wearing a white hooded sweatshirt. This was hearsay.
^Absent an exception, it is an error to admit hearsay testimony. Here, the state contends that this statement was except from the hearsay rule because it was offered to explain the course of the police investigation.
The “police explanation” exception to the hearsay rule is an exception to be carefully and narrowly applied which, in some instances, may allow an officer to testify to information which immediately prompted further action. Hearold, supra at 737. The issue of relevancy is significantly interrelated with the hearsay issue. Id. While, in some instances, statements from out of court declarants may be used by an officer to explain his or her conduct, such statements may not be used as a passkey to bring before the jury the substance of the out-of-court information that *172 would otherwise be barred by the hearsay rule. Id.
Generally, an explanation of the officer’s actions should never be an acceptable basis upon which to admit an out-of-court declaration when the so-called ‘explanation’ involves a direct assertion of criminal activity against the accused.... Absent some unique circumstances in which the explanation of purpose is probative evidence of a contested fact, such hearsay evidence should not be admitted under an ‘explanation’ exception. The probative value of the mere fact that an out-of-court declaration was made is generally outweighed greatly by the likelihood that the jury will consider the statement for the truth of the matter asserted.
Id. at 737-788.
The state did not elicit Sgt. Spera’s hearsay testimony to explain the sequence of events or “draw the full picture” for the jury, rather, the state offered Sgt. Spera’s testimony to identify defendant as the person who shot the victim.
Here, Sgt. Spera had developed defendant as a suspect before he elicited the above statement by the victim describing his assailant. Therefore, this statement did not explain how Sgt. Spera came to suspect defendant as the perpetrator of the crime.
|aEven if it was the victim’s statement which focused Sgt. Spera’s attention on defendant, Sgt. Spera could have explained the course of his investigation, including the fact that he interviewed the victim shortly before the victim’s death, without relaying the victim’s out-of-court statement which described his assailant.
Furthermore, although Mr. Bibbins was not apprehended until after this statement by the victim, the victim’s statement did not lead to Mr. Bibbins’s apprehension. On November 21, 2009, Deputy Collins, while investigating a tip regarding narcotics distribution in the Tallow Tree area, observed several individuals enter a truck and leave. After Deputy Collins observed that truck run a stop sign, he attempted to stop that truck. The truck fled his pursuit, then crashed. Defendant was arrested because he had fled the truck which had fled the lawful pursuit of an officer and which contained contraband. The officers engaged in the high speed chase before they knew defendant was inside the truck they pursued.
Furthermore, I disagree with the majority’s application of Broadway, supra, to the facts of this appeal. The majority contends that the hearsay testimony of Sgt. Spera, relaying the victim’s out-of-court statement, “was relevant to the sequence of events leading to defendant’s subsequent identification and arrest.” For the reasons explained above, I disagree. The evidence indicates that Sgt. Spera had already developed defendant as a suspect when Sgt. Spera heard this statement by the victim. Furthermore, the majority fails to recognize that it was not the victim’s statement which lead to defendant’s arrest.
For these reasons, I conclude that Sgt. Spera’s testimony relaying the victim’s description was impermissible hearsay which was not allowed by the [¿narrow “police explanation” exception to that rule. Accordingly, I would find that the trial court erred in allowing this testimony. Despite this however, I concur in the majority’s result because, given the overwhelming evidence in this case, this was a harmless error.