# Supreme Court of Louisiana

FOR IMMEDIATE NEWS RELEASE                    NEWS RELEASE #027

FROM: CLERK OF SUPREME COURT OF LOUISIANA

The Opinions handed down on the **26th day of June, 2019**, are as follows:

**PER CURIAM**:

2018-K-0006      STATE OF LOUISIANA v. BRIAN MICHAEL HUGHES (Parish of Grant)

The state established the chain of custody at trial and the jury could reasonably conclude that the substance seized from the defendant was the substance tested by the crime lab and introduced as evidence at trial, the discrepancy in the weights notwithstanding. Accordingly, we reverse the court of appeal's decision, which found merit in defendant's sole assignment of error and vacated the conviction. Because we find the court of appeal erred in its analysis of defendant's sole contention on appeal, we reinstate the conviction and sentence, which are hereby affirmed.

REVERSED.

SUPREME COURT OF LOUISIANA

No. 2018-K-0006

STATE OF LOUISIANA

VERSUS

BRIAN MICHAEL HUGHES

ON WRIT OF CERTIORARI TO THE COURT OF APPEAL,
THIRD CIRCUIT, PARISH OF GRANT

PER CURIAM

Defendant Brian Michael Hughes was arrested in the parking lot of Grant Junior High School, near Dry Prong. A search incident to arrest revealed a plastic bag in defendant's pocket, which contained a substance that appeared to be crystal methamphetamine. The Grant Parish Sheriff's office determined that the substance weighed 2.3 grams. The substance was sent to the North Louisiana Crime Lab for chemical testing. The Crime Lab determined it was methamphetamine. At the Crime Lab, however, the methamphetamine weighed 1.73 grams.

Defendant was found guilty as charged of possession of methamphetamine, La.R.S. 40:967 (which at the time of the crime did not differentiate the offense into grades by weights less than 28 grams), and sentenced to five years imprisonment at hard labor. The court of appeal reversed the conviction because it found the evidence insufficient to support it (which was defendant's sole assignment of error on appeal). *State v. Hughes*, 17-0458 (La. App. 3 Cir. 11/29/17), 258 So.3d 179. Specifically, the court of appeal found "that the weight discrepancy of the substance measured by the Grant Parish Sheriff's Department (2.3 grams) and the

weight recorded by the analyst at the Crime Lab (1.73 grams) provided reasonable doubt as to whether the lab received and analyzed the same evidence taken from Defendant's pocket." *Hughes*, 17-0458, pp. 2–3, 258 So.3d at 180. The court of appeal erred.

"In reviewing the sufficiency of the evidence to support a conviction, an appellate court in Louisiana is controlled by the standard enunciated by the United States Supreme Court in *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). . . . [T]he appellate court must determine that the evidence, viewed in the light most favorable to the prosecution, was sufficient to convince a rational trier of fact that all of the elements of the crime had been proved beyond a reasonable doubt." *State v. Captville*, 448 So.2d 676, 678 (La. 1984). In addition, chain of custody or connexity of the physical evidence is ultimately a factual matter for determination by the jury. *State v. King*, 355 So.2d 1305, 1310 (La. 1978).

The court of appeal here placed too much importance on the fact that the weighing scale used in the Grant Parish Sheriff's Office was originally provided by the Crime Lab. *See Hughes*, 17-0458, pp. 4–5, 258 So.3d at 181–182. While this fact is reflected in the record, it has little significance. Of greater significance is the fact that the Crime Lab is subject to accreditation requirements that require the regular monthly calibration of its scales while the care and condition of the Grant Parish Sheriff's Office scale is unknown. While the court of appeal dismissed as unreasonable the testimony of a forensic chemist with the Crime Lab that attributed the weight discrepancy to the different treatment and calibration of the scales, *see Hughes*, 17-0458, p. 5, 258 So.3d at 182 ("We find it unreasonable to accept as evidence the mere hyperbolized offering of [the forensic chemist] . . . ."), there is no irrationality inherent in the factfinder's apparent decision to credit the

2

forensic chemist's testimony.

We reiterate that the principal criterion of a *Jackson v. Virginia* review is rationality; it is not an opportunity for a reviewing court to substitute its appreciation for that of a rational factfinder:

> Accordingly, under the *Jackson* methodology a reviewing court is required to view the evidence from the perspective of a hypothetical *rational* trier of fact in determining whether such an unconstitutional conviction has occurred. In reviewing the evidence, the whole record must be considered because a *rational* trier of fact would consider all of the evidence, and the actual trier of fact is presumed to have acted *rationally* until it appears otherwise. If *rational* triers of fact could disagree as to the interpretation of the evidence, the *rational* trier's view of all of the evidence most favorable to the prosecution must be adopted. Thus, *irrational* decisions to convict will be overturned, *rational* decisions to convict will be upheld, and the actual fact finder's discretion will be impinged upon only to the extent necessary to guarantee the fundamental protection of due process of law.

*State v. Mussall*, 523 So.2d 1305, 1310 (La. 1988) (footnotes omitted) (emphasis in original).

The state established the chain of custody at trial and the jury could reasonably conclude that the substance seized from the defendant was the substance tested by the crime lab and introduced as evidence at trial, the discrepancy in the weights notwithstanding. Accordingly, we reverse the court of appeal's decision, which found merit in defendant's sole assignment of error and vacated the conviction. Because we find the court of appeal erred in its analysis of defendant's sole contention on appeal, we reinstate the conviction and sentence, which are hereby affirmed.

**REVERSED**